STATE of Wisconsin, Plaintiff-Respondent,

v.

Bonnie J. HORN, Defendant-Appellant.

STATE of Wisconsin, Plaintiff-Respondent,

v.

Norman L. STONE, Defendant-Appellant.

STATE of Wisconsin, Plaintiff-Respondent,

v.

Jerry G. HORN, Defendant-Appellant.†

Court of Appeals

*No. 85–0246–CR. Submitted on briefs August 19, 1985.— Decided October 1, 1985.*
(Also reported in —— N.W.2d ——.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

450

For the appellants there were briefs by *Steven F. Mc-Dowell of Milwaukee* and *Jonathan M. Menn* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.,* of Appleton.

For the respondent there was a brief by *Bronson C. La Follette,* attorney general, and *Sally F. Goldfarb,* assistant attorney general.

Brief amicus curiae of Wisconsin Civil Liberties Union Foundation, Inc., was filed by *Jeanine S. Larson,* legal director, and *Julian & Olson, S.C.,* and *Jeff Scott Olson* of Madison.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.   Norman Stone, Jerry Horn, and Bonnie Horn appeal a judgment convicting them of trespass and an order denying their motion for post-conviction relief. Appellants argue that their constitutional rights to freedom of speech and religion were violated, and that they were privileged to trespass based on the coercion defense. Appellants also argue that the trial court erred in various evidentiary rulings, in instructing the jury, and in considering an improper victim impact report during sentencing.   Finally, appellants argue that there is insufficient evidence to support the jury's guilty verdict. We disagree with these arguments and affirm the trial court's judgment and order.

This appeal involves two incidents that occurred at the Fox Valley Reproductive Health Care Center (clinic), which provides abortions and other medical services. On both occasions, appellants entered the clinic and attempted to communicate with patients of the clinic to encourage them not to have abortions. Although neither incident involved violence, appellants refused to leave and were arrested and removed by police. Each appellant was convicted of criminal trespass and sentenced to thirty days in the county jail, although the sentences were stayed on the condition that each appellant would not violate Wisconsin law for one year. Appellants' motion for acquittal, or in the alternative a new trial, was denied.

## CONSTITUTIONAL ISSUES

Appellants argue that the freedom of speech provision of the Wisconsin Constitution protects them from prosecution for trespass.[1] They claim that they are privileged to exercise this freedom on private property belonging to the clinic. The right to freedom of speech is broad, but it is not absolute. With limited exceptions, the right to free speech under the United States Constitution is only protected from interference by state action.[2] Appellants argue that the Wisconsin Constitution contains no analogous limitation.

The facts of this case do not require us to decide whether the Wisconsin Constitution will ever protect free speech from purely private interference. Although state courts are free to interpret their own constitutions to provide such protection,[3] we decline to extend protection to speech engaged in on property belonging to a small private medical clinic. Accordingly, we hold that appellants had no right under the Wisconsin Constitution to exercise their free speech rights on the clinic's property.

Appellants also argue that their actions were justified because clinic patients have a constitutional right to receive information about abortions in order to make an informed decision. A party may not rest his legal claims or defenses upon the rights of third parties. *Valley Forge Christian College v. Americans United for Sepa-*

---

[1] Wis. Const. art I, § 3.

[2] *See Columbia Broadcasting Sys. v. Democratic Nat'l. Comm.,* 412 U.S. 94, 114–15 (1973); *Illinois Migrant Council v. Campbell Soup Co.,* 574 F.2d 374, 375 (7th Cir. 1978).

[3] *Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 81 (1980).

*ration of Church and State,* 454 U.S. 464, 474 (1982). Parties have standing to raise constitutional issues only when their own personal rights are affected. *Id.; Mast v. Olsen,* 89 Wis. 2d 12, 16, 278 N.W.2d 205, 206 (1979). Appellants have no standing to raise the rights of the clinic's patients in defense of their actions.

Appellants also argue that their actions were protected under the free exercise of religion clause of the United States and the Wisconsin Constitutions. While freedom of religious belief is an absolute right under the first amendment, the freedom to act on the basis of religious beliefs is subject to government regulation. *Cantwell v. Connecticut,* 310 U.S. 296, 303–04 (1940). A government regulation fails to satisfy the free exercise clause if it imposes a burden on the free exercise of religion. *Sherbert v. Verner,* 374 U.S. 398, 403 (1963) ; *Kollasch v. Adamany,* 99 Wis. 2d 533, 550, 299 N.W.2d 891, 898 (Ct. App. 1980). Wisconsin's criminal trespass statute does not impose a burden upon appellants' religious freedom. The trespass statute does not make unlawful any of appellants' religious practices or beliefs nor does it force them to adopt any religious beliefs or conduct that conflict with their own religious tenets. *See Braunfeld v. Brown,* 366 U.S. 599, 603 (1961). Appellants are free to object to the clinic's operation on religious or moral grounds, but in doing so they are not privileged to violate the state's criminal trespass statute.

## COERCION DEFENSE

Appellants next argue that the trial court erred by finding as a matter of law that the defense of coercion[4]

---

[4] Section 939.46(1), Stats., provides:

A threat by a person other than the actor's coconspirator which causes the actor reasonably to believe that his act is the

was not available in this case. The defenses of coercion and necessity[5] reflect the social policy that one is justified in violating the letter of the law in order to avoid death or great bodily harm. *State v. Brown,* 107 Wis. 2d 44, 54–55, 318 N.W.2d 370, 376 (1982). Section 939.46, Stats., specifically requires that the actor hold a reasonable belief that his act is the only means of preventing imminent death or great bodily harm. Our supreme court has held that the reasonableness of the actor's belief must be judged objectively. *State v. Amundson,* 69 Wis. 2d 554, 568, 230 N.W.2d 775, 783 (1975). Appellants believe that abortion is murder, and they claim a reasonable belief that the only way to prevent this activity is to enter clinic property and attempt to dissuade women from having abortions.

The United States Supreme Court has held that a woman's right to choose abortion is constitutionally protected. *Roe v. Wade,* 410 U.S. 113 (1973).[6] Consequent-

---

only means of preventing imminent death or great bodily harm to himself or another and which causes him so to act is a defense to a prosecution for any crime based on that act except that if the prosecution is for murder the degree of the crime is reduced to manslaughter.

[5] *See* Section 939.47, Stats.

[6] We note that the holding in *Roe,* 410 U.S. at 164–165, is limited in the following manner:

(a) For the stage prior to approximately the end of the first trimester, the abortion decision and its effectuation must be left to the medical judgment of the pregnant woman's attending physician.

(b) For the stage subsequent to approximately the end of the first trimester, the State, in promoting its interest in the health of the mother, may, if it chooses, regulate the abortion procedure in ways that are reasonably related to maternal health.

(c) For the stage subsequent to viability, the State in promoting its interest in the potentiality of human life may, if it chooses, regulate, and even proscribe, abortion except where it is necessary, in appropriate medical judgment, for the preservation of the life or health of the mother.

ly, the abortion services provided by the clinic are legal. In light of *Roe*, it is not appropriate for this court to determine the legal status of abortion. We therefore hold that it is unreasonable to believe that one must commit an act of criminal trespass in order to prevent an activity that is legal and constitutionally protected. If appellants wish to attempt to change the legal status of abortion, they must do so within channels provided by our democratic form of government. A contrary holding would allow an individual to violate the law without sanction whenever he felt the government had not made the proper choice between conflicting values. *See State v. Olsen*, 99 Wis. 2d 572, 577, 299 N.W.2d 632, 635 (Ct. App. 1980).

## EVIDENTIARY RULINGS

Appellants argue that the trial court erred by quashing the subpoena of the clinic's appointment records and by limiting the cross-examination of a witness concerning the subpoena. It is within the discretion of the trial court to quash a subpoena and to limit the cross-examination of witnesses. *Rogers v. State*, 93 Wis. 2d 682, 689, 287 N.W.2d 774, 777 (1980); *Nashban Barrel and Container Co. v. Parsons Trucking Co.*, 49 Wis. 2d 591, 611, 182 N.W.2d 448, 459 (1971). A subpoena may be quashed if compliance would be oppressive or unreasonable. Section 805.07(3), Stats. The trial court found that the clinic did not keep records in the form requested by the subpoena, and quashed the subpoena because compiling the records in the form requested would be unduly burdensome. Because the trial court exercised its discretion on the basis of facts found in the record and

appropriate legal standards,[7] we find no abuse of discretion.[8] After the trial court quashed the subpoena, issues concerning the service and scope of the subpoena became irrelevant. The trial court therefore did not abuse its discretion by refusing to allow cross-examination of a witness on these matters. *Desjarlail v. State,* 73 Wis. 2d 480, 502, 243 N.W.2d 453, 464 (1976); *State v. Becker,* 51 Wis. 2d 659, 667, 188 N.W.2d 449, 453 (1971).

Appellants also argue that the trial court erred by excluding various evidence generally related to appellants' feelings and beliefs about abortion.[9] While appellants argue that the trial court failed to properly balance the probative value and the prejudicial effect of the evidence pursuant to sec. 904.03, Stats., it is clear from the record that the trial court viewed the evidence as irrelevant under sec. 904.01, Stats. Under sec. 904.01, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence that is not relevant to any issue in a case is not admissible. Section 904.02, Stats. It is within the trial court's discretion to decide whether evidence is relevant to any issue in the case. *Chart v. Gen-*

[7] *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20–21 (1981).

[8] In addition, we question the relevance of the clinic's appointment records to the issues in a trespass case and would uphold the trial court's decision on this basis. *See Nashban Barrel,* 49 Wis. 2d at 611, 182 N.W.2d at 458.

[9] Other evidence excluded for lack of relevance included testimony of former abortion patients regarding their abortion experiences, testimony of two doctors regarding prenatal development and abortion, and testimony of witnesses regarding appellants' caring and compassionate character,

*eral Motors,* 80 Wis. 2d 91, 102, 258 N.W.2d 680, 684 (1977).

Our standard of review is not whether this court agrees with the trial court's ruling, but whether the trial court's discretion was in fact exercised. *State v. Wollman,* 86 Wis. 2d 459, 464, 273 N.W.2d 225, 228 (1979). The trial court looked to the elements of trespass as defined by sec. 943.13, Stats., and heard the arguments of counsel regarding relevance. The trial court then decided that evidence relating to appellants' feelings and beliefs about abortion was not relevant to any issue in a trespass case. We conclude that the trial court did not abuse its discretion.

## JURY INSTRUCTIONS

Appellants argue that they are entitled to a new trial because the trial court improperly instructed the jury. They urge three specific errors: (1) The trial court failed to give a proposed instruction on implied consent; (2) the court gave an improper instruction on notification of trespass; and (3) the court failed to give an instruction limiting the jury's consideration of other similar incidents involving appellants. The trial court has broad discretion to instruct the jury based on the facts and circumstances of each case. *State v. Kemp,* 106 Wis. 2d 697, 705, 318 N.W.2d 13, 18 (1982). If the jury instructions considered as a whole communicate a correct statement of the law to the jury, an error may be rendered harmless. *State v. Paulson,* 106 Wis. 2d 96, 108, 315 N.W.2d 350, 356 (1982).

The trial court did not err by refusing to give the appellants' requested instruction on implied consent. The

jury was instructed on the defense of implied consent, but the trial court declined to give an instruction on the subsequent use of the premises by persons other than appellants as this related to implied consent for appellants. We agree that subsequent entry onto the property by different people, with the express consent of the clinic, is irrelevant to appellants' implied consent defense.

In addition, we find no error in the trial court's instruction on notification of trespass. The court instructed the jury that an occupant of property may authorize someone else, such as a police officer, to provide notice to a trespasser. Appellants argue that a police officer is an improper party to give notice because only an owner or an occupant of property may give notice of a trespass.[10] The record reflects that notice of the trespass was given to appellants by clinic staff. In addition, a police officer may serve as an agent of an owner or occupant to give notice of a trespass.[11] We therefore conclude that this instruction was proper.

We also find no error in the trial court's refusal to instruct the jury that "evidence applicable to a defendant's conduct during a particular incident is not to be used in ruling upon conduct of that same defendant during a different incident to which it is not relevant."

[10] Section 943.13, Stats., provides:

(1) Whoever does any of the following is subject to a Class B forfeiture:

. . . .

(b) Enters or remains on any land of another after having been notified by the owner or occupant not to enter or remain on the premises.

[11] *See Cleveland v. Municipality of Anchorage,* 631 P.2d 1073, 1077 (Alaska 1981); *People v. Thompson,* 372 N.E.2d 117, 121 (Ill. 1978).

Although this is a proper statement of the law, the instruction was unnecessary since the court had already instructed the jury to consider each defendant and each incident separately.[12]

## SUFFICIENCY OF EVIDENCE

Appellants argue that the trial court erred by failing to grant their motion to dismiss because the evidence was insufficient to support a guilty verdict. We reject this argument. Appellants contend that the evidence was insufficient to find that proper notice of the trespass was given, and that the state failed to prove beyond a reasonable doubt that appellants lacked consent to be on the property. In reviewing a question on sufficiency of evidence, we sue the following standard:

This court must affirm if it finds that the jury, acting reasonably, could have found guilt beyond a reasonable doubt. The function of weighing the credibility of witnesses is exclusively a jury problem, and the jury verdict will be overturned only if, viewing the evidence most favorably to the state and the conviction, it is inherently or patently incredible, or so lacking in probative value that no jury could have found guilt beyond a reasonable doubt.

*Fells v. State*, 65 Wis. 2d 525, 529, 223 N.W.2d 507, 510 (1974). In this case, there was evidence that prior to each appellants' arrest for trespass, appellants were asked by clinic staff and by the police to leave the clinic. This evidence, if believed by the jury, would negate appellants' claims of consent and lack of notice. Since the

---

[12] Judge Schaefer gave the following instructions:

While the defendants are being tried jointly and while several different incidents are being tried together, it nevertheless becomes your solemn duty to judge the guilt or innocence of each defendant separately and to judge each incident separately.

record contains evidence upon which the jury could reasonably base its findings of notice and lack of consent, we affirm the jury's decision.

## VICTIM IMPACT STATEMENT

Appellants claim that the trial court erred in the sentencing stage of the proceeding by refusing to disregard the victim impact report, which appellants characterize as irrelevant, inflammatory, and prejudicial. The trial court has great discretion in the sentencing process, and is presumed to have acted reasonably unless the defendant can show an unreasonable or unjustifiable basis for the sentence. *State v. Wickstrom,* 118 Wis. 2d 339, 354, 348 N.W.2d 183, 191 (Ct. App. 1984). A victim impact report is part of the presentence investigation authorized by sec. 972.15, Stats. In this case, the report was prepared by a representative of the Victim/Witness Assistance Program and was based on interviews with three employees of the clinic. While part of the report relates to the clinic's staff's feelings about being victimized by acts of violence against the clinic and its patients, the trial court was aware that appellants had not participated in any violence. We conclude that the trial court did not abuse its discretion by considering the victim impact report, along with other factors, in making the sentencing decision.

*By the Court.*—Judgment and order affirmed.