STATE of Wisconsin, Plaintiff-Respondent,

v.

Carl SCHMITT d/b/a Carl Schmitt Sanitary
Landfill, Defendant-Appellant.†

Court of Appeals

*No. 87–0836. Submitted on briefs April 22, 1988.—Decided
July 14, 1988.*

(Also reported in 429 N.W.2d 518.)

† Petition to review denied.

■■■■■■■

■■■■■■■

■■■■■■■■■■■

For the defendant-appellant the cause was submitted on briefs of *Paul Kent* and *DeWitt, Porter, Huggett, Schumacher & Morgan, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Steven B. Wickland,* assistant attorney general, of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. Carl Schmitt d/b/a Carl Schmitt Sanitary Landfill appeals from a judgment requiring him to pay $202,550 in forfeitures and $30,382 in penalty assessments. The issues are: (1) whether the forfeitures were proportionate to the offenses; (2) whether Schmitt is liable for multiple violations on the same day; (3) whether the total forfeiture was impermissibly punitive. We conclude that: (1) the forfeitures were proportionate to the offenses; (2) the trial court properly found Schmitt liable for multiple violations on the same day with regard to some violations but not for others; (3) Schmitt has not preserved the issue of punitive forfeiture. Therefore we affirm in part, reverse in part, and remand for further proceedings.

## FACTS

The state charged Schmitt with various statutory and rule violations regarding a landfill he operated in Dodge county. After a trial, the court concluded that Schmitt had violated: (1) section 144.44(4), Stats., which forbids operating a landfill without a license; (2)

Wisconsin Adm. Code, sec. NR 180.13(12)(a) which requires a filled landfill site to be closed and abandoned; and (3) Schmitt's 1975 plan approval by filling outside of an approved area. For the first 180 days of operation without a license, the first 365 days of failure to close and abandon, and the first 730 days of filling outside of the approved area, the court assessed Schmitt forfeitures of $50 per day.[1] For the remaining 1,388 days of violations, the court assessed Schmitt forfeitures of $100 per day. The forfeitures totalled $202,550. The court also assessed an additional $30,382, pursuant to sec. 165.87(2), Stats., which provides for a fifteen percent penalty assessment.

Schmitt then substituted counsel. On motion for reconsideration filed by new counsel, Schmitt claimed the forfeitures violated sec. 778.06, Stats., because the court failed to consider what Schmitt alleged were statutorily mandated factors. The trial court reconsidered but reaffirmed its decision.

## STANDARD OF REVIEW

A trial court abuses its discretion if it relies upon an erroneous view of the law. *State v. Halverson,* 130 Wis. 2d 300, 303, 387 N.W.2d 124, 126 (Ct. App. 1986). We will sustain a discretionary act if the trial court examined the relevant facts, applied a proper view of the law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *In re Paternity of B. W.S.,* 131 Wis. 2d 301, 315, 388 N.W.2d 615, 622 (1986). Whether sec. 778.06,

---

[1]The court assessed Schmitt forfeitures pursuant to sec. 144.99, Stats., which provides for forfeitures of $10 to $5,000 per day for each of Schmitt's violations.

Stats., requires a trial court to consider certain factors in assessing forfeitures under sec. 144.99, Stats., requires statutory interpretation. We review such questions *de novo. E.S. v. Seitz,* 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987).

*Proportionality Under sec. 778.06, Stats.*

Schmitt contends that sec. 778.06, Stats.,[2] requires the trial court to consider the following factors: (1) the amount of forfeitures assessed against solid waste operators in Wisconsin; (2) the amount of forfeitures assessed against solid waste operators in other jurisdictions; (3) the amount of forfeiture assessed relative to the amount of environmental harm caused; and (4) the amount of forfeiture assessed relative to the degree of culpability of the defendant.

Section 778.06, Stats., contains no statutorily mandated factors. Instead, in assessing a forfeiture, a trial court must exercise its discretion within the mandatory statutory range. *State v. City of Monona,* 63 Wis. 2d 67, 72, 216 N.W.2d 230, 232 (1974).

Schmitt argues that forfeitures should be assessed at a certain "predictable rate," and makes analogies to sentence proportionality in criminal cases "since forfeiture actions have been described as quasi-criminal proceedings."[3] Schmitt relies on *Milwaukee v.*

---

[2]Section 778.06, Stats., provides:

When a forfeiture is imposed, not exceeding a specific sum or when it is not less than one sum or more than another, the action may be brought for the highest sum specified and for the penalty assessment imposed by s. 165.87; and judgment may be rendered for such sum as the court or jury shall assess or determine to be proportionate to the offense.

[3]The Wisconsin Supreme Court recently referred to this characterization as "an archaic and inaccurate description of a

730

*Cohen*, 57 Wis. 2d 38, 203 N.W.2d 633 (1973) and *Milwaukee v. Wuky*, 26 Wis. 2d 555, 133 N.W.2d 356 (1965).

Both these cases rely on language in section 66.12(a)(1), Stats. (1961 and 1969),[4] which required a defendant charged with a statutory violation subject to a forfeiture to plead "guilty, not guilty or no contest." *Cohen*, 57 Wis. 2d at 42, 203 N.W.2d at 636. "In [sec. 66.12], the legislature has adopted many aspects of criminal procedure in forfeiture actions." *Wuky*, 26 Wis. 2d at 562, 133 N.W.2d at 360. Neither sec. 144.99, Stats., nor sec. 778.06, Stats., are similar to sec. 66.12 (1961 and 1969) in the respects considered relevant in *Cohen* and *Wuky*. Even if we were to consider how the proportionality requirement has been applied in criminal cases, Schmitt relies upon an eighth amendment case, *Solem v. Helm*, 463 U.S. 277 (1983), for the relevant comparison criteria.[5] Schmitt does not claim that the forfeiture violated his eighth amendment rights. *Helm* is inapposite.

Schmitt also claims that the sec. 778.06, Stats., proportionality requirement mandates a "comparative relation" so that the more severe the offense, the larger the penalty should be. Schmitt concedes that in evaluating the severity of the offense, a court should consider the environmental harm caused and the degree of the defendant's culpability.

---

municipal ordinance charge, which is a civil action for money forfeiture." *City of Milwaukee v. K. F.*, 145 Wis. 2d 24, 31 n. 2, 426 N.W.2d 329, 332 n. 2 (1988).

[4]The relevant language of both versions of sec. 66.12(a), Stats. (1961 and 1969), is identical.

[5]The eighth amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

The trial court evaluated the severity of Schmitt's offenses. It considered the environmental harm Schmitt caused, and concluded that, although the exact dollar amount would be impossible to ascertain, the record indicated such harm and that a reasonable inference was that the harm had a cost. The court considered Schmitt's culpability, and concluded that Schmitt purposely violated the law over a long period of time, and that Schmitt did not stop violating the law until the court ordered him to. The court considered Schmitt's economic benefits, and noted that he had incurred no site preparation costs on the illegal five and one-half acre section of his landfill. The court also considered mitigating factors, such as weather factors and the DNR's conflicting statements and positions, and concluded that these factors did not negate the violations, although they did mitigate the amounts of forfeiture.

We conclude that the trial court properly exercised its discretion because it examined the relevant facts, applied a proper view of the law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *B.W.S.,* 131 Wis. 2d at 315, 388 N.W.2d at 622.

Schmitt argues that the trial court abused its discretion by not properly considering evidence Schmitt submitted regarding other forfeitures in Wisconsin. The court considered this evidence but concluded that it had little relevance and was entitled to limited weight.[6] "It is within the trial court's discre-

---

[6]The evidence Schmitt submitted consisted of a computerized printout from the Office of Environmental Enforcement (OEE).

tion to decide whether evidence is relevant to any issue in the case." *State v. Horn,* 126 Wis. 2d 447, 457, 377 N.W.2d 176, 181 (Ct. App. 1985), *aff'd,* 139 Wis. 2d 473, 407 N.W.2d 854 (1987). The trier of fact determines the weight given to evidence. *State v. Wyss,* 124 Wis. 2d 681, 694, 370 N.W.2d 745, 751 (1985). Because the trial court gave rational reasons for its decision based on facts in the record, the trial court properly exercised its discretion in concluding that Schmitt's evidence regarding forfeitures in other cases had limited relevance. *Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981).

## *Variation of the Amounts of Forfeiture*

Schmitt argues that the trial court arbitrarily increased the forfeitures from $50 per day to $100 per day. Schmitt alleges there is no logical basis consistent with sec. 778.06, Stats., for increasing the amount of forfeiture after the passage of an arbitrary number of days. We construe this as an argument that the trial court abused its discretion by not giving reasons for increasing the forfeitures.

---

The printout contained the names of individuals and corporations referred by the OEE to the Department of Justice for environmental law violations, the dates of referral, the dates of the closing of the case, and the amounts of forfeitures or fines assessed, if any. The printout did not contain any information regarding: the number of violations for each referral; the period of time over which the violations occurred; any reference to the presence of mitigating factors; whether a forfeiture came about as a result of a trial or settlement; which statutes were violated; whether the named individuals or corporations realized a cost savings by their alleged violations. The court received the evidence as showing a range of forfeitures imposed in Wisconsin. The court refused to accept the evidence as showing a range of forfeitures imposed for similar offenses.

We will not find an abuse of discretion if the record shows that the trial court exercised its discretion and there is a reasonable basis for the trial court's determination. *Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 471, 326 N.W.2d 727, 732 (1982). We must uphold a discretionary decision of the trial court if we can conclude ab initio that there are facts of record which would support the trial judge's decision had the trial court exercised its discretion on the basis of those facts. *Schmid v. Olsen,* 107 Wis. 2d 289, 295, 320 N.W.2d 18, 22 (Ct. App. 1982), *rev'd on other grounds,* 111 Wis. 2d 228, 330 N.W.2d 547 (1983). We will affirm a discretionary order if there is any reasonable basis for it. *Asbeck v. Asbeck,* 116 Wis. 2d 289, 295, 342 N.W.2d 750, 753 (Ct. App. 1983).

The amounts the trial court assessed Schmitt, $50 or $100 per day of violation, did not necessarily correspond to the amount of economic benefit Schmitt realized by each separate daily violation.[7] Such a calculation would be impractical, if not impossible. The same reasoning applies to determining the precise amount of damage each separate daily violation caused the environment. In addition, sec. 144.99, Stats., provides a forfeiture range of between $10 to $5,000 for each violation per day. This reflects the legislature's intention to give the trial court a wide range of discretion in fixing the amounts of forfeitures for ch. 144 violations. Given these factors, we conclude

---

[7]Schmitt does not dispute the trial court's conclusion that the economic benefit to the defendant is appropriately considered in assessing forfeitures. *See Village of Sister Bay v. Hockers,* 106 Wis. 2d 474, 480–81, 317 N.W.2d 505, 508 (Ct. App. 1982) (violator's economic benefit from violation appropriately considered in assessing amount of forfeiture).

that the trial court is permitted to use the limits provided by sec. 144.99 to fashion an appropriate forfeiture based on the facts of the individual case.

Although Schmitt argues that an increase from $50 to $100 per day was arbitrary, the original determination of an amount such as $50 or $100 per day is just as arbitrary. This is because there is no practical way to determine precisely how much economic benefit a violator gains, or how much environmental damage a violator causes, by each day of violation. What must not be arbitrary is the total forfeiture, which in this case is $232,932.

The state submitted evidence, based on reports prepared by engineers working for Schmitt, which provides support for the trial court's forfeiture assessment. An employee of the DNR in the Bureau of Salvage Management testified to the following: that Schmitt began overfilling in the unlicensed five and one-half acre area around August 28, 1980; that Schmitt had put 323,500 cubic yards of waste in the five and one-half acre unlicensed site; and that Schmitt incurred no expense for site investigation engineering for the illegal site, and that such expenses for a site of similar capacity would have been $242,000.

In its decision on reconsideration, the trial court said that it was considering Schmitt's economic benefit from the violation in assessing the amount of forfeiture. In its findings of fact, the trial court said that the "economic benefit to the defendant is both shown by the record and reasonably inferred ... the defendant deferred the cost of any new facility while using the old one, which in effect gave him a 5½–acre site without the site preparation cost of a new

facility." There is evidence that Schmitt's economic benefits by his violations were at least $242,000.[8] We conclude that this evidence supports the trial court's total forfeiture assessment of $232,932.

## Confiscatory Forfeiture

In its decision on reconsideration, the trial court found that "no claim of confiscatory forfeitures has been made." Schmitt does not claim that this finding is erroneous. Therefore we conclude that Schmitt made no claim of confiscatory forfeiture to the trial court. On appeal, he claims that the forfeiture will put him out of business, and that the forfeiture goes beyond deterrence to punishment and confiscation. We construe this argument as raising the issue of confiscatory forfeiture. This is first raised on appeal. We do not consider such arguments. *State v. Hahn,* 132 Wis. 2d 351, 361, 392 N.W.2d 464, 468 (Ct. App. 1986).

## Separate Forfeiture Allowable for each Violation occurring on the Same Day

Schmitt argues that sec. 144.99, Stats., should be read to mean that separate forfeitures may not be assessed for different violations occurring on the same day. Schmitt claims that, in his case, only one violation occurred on any given day.

Whether sec. 144.99, Stats., allows a trial court to assess more than one forfeiture for multiple violations

[8]This is without taking into consideration the environmental damage caused by an unlined five and one-half acre landfill or the degree of Schmitt's culpability.

occurring in a single day requires statutory interpretation. We review such questions *de novo. E.S.,* 141 Wis. 2d at 184, 413 N.W.2d at 672. Our purpose in construing a statute is to ascertain the legislative intent and give it effect. *Watts v. Watts,* 137 Wis. 2d 506, 517, 405 N.W.2d 303, 308 (1987). "Legislature intent is primarily deduced from the language which the legislature has chosen to use." *State v. Mauthe,* 123 Wis. 2d 288, 299, 366 N.W.2d 871, 876 (1985). "[A] statute should be interpreted in light of its purpose." *Id.* at 299, 366 N.W.2d at 877.

We do not agree with Schmitt's reading of sec. 144.99, Stats., nor his assertion that only one violation is possible on any given day. Section 144.99 provides that anyone who violates ch. 144, or "any rule promulgated or any plan approval, license or special order issued under this chapter ... shall forfeit not less than $10 nor more than $5,000, for each violation. Each day of continued violation is a separate offense. ..."

Section 144.435(1), Stats., provides that "[t]he department shall promulgate rules establishing minimum standards for the location, design, construction, sanitation, operation, monitoring and maintenance of solid waste facilities." These rules are "to ensure compliance and consistency with the purposes of ... the resource conversation and recovery act [42 U.S.C. secs. 6901 et seq.] ..." Section 144.435(1). "The Resource Conservation and Recovery Act of 1976, sec. 1003, 42 U.S.C. sec. 6902 (1976) has the objective of promoting the protection of health and the environment ...." *Cisco v. United States through E.P.A.,* 768 F.2d 788, 789 (7th Cir. 1985). Relevant objectives and purposes under 42 U.S.C. sec. 6902(a) (1984) are:

737

(3) prohibiting future open dumping on the land and requiring the conversion of existing open dumps to facilities which do not pose a danger to the environment or to health;

. . . .

(10) promoting the ... construction, and application of solid waste management ... systems which preserve and enhance the quality of air, water, and land resources ....

We conclude that it would be more consistent with the purposes of 42 U.S.C. secs. 6901 et seq., to interpret sec. 144.99, Stats., to expose persons who violate more than one of the landfill laws on any given day to liability for more than one violation per day.

*Multiple Violations Based on Same Act*

Schmitt argues that it is not proper to charge different violations based on the same act. The trial court found that Schmitt filled outside the approved area of the landfill from June 1, 1981 to July 31, 1985, and operated his landfill without a license between October 1, 1984 and July 31, 1985.

We conclude that for the period October 1, 1984 to July 31, 1985, Schmitt should be assessed a forfeiture based on his sec. 144.44(4), Stats., violation, but not for filling outside an approved area. "A person cannot be subject to a double forfeiture if his conduct constituted a single violation, even if his conduct is not a crime." *State v. Braun,* 103 Wis. 2d 617, 630, 309 N.W.2d 875, 882 (Ct. App. 1981).[9] Schmitt's conduct violated sec.

---

[9]This is an evidence sufficiency, not a double jeopardy issue. Even if defendant claimed a fifth amendment prohibition against

144.44(4), but when his license expired, he had no authority to fill anywhere.[10] There was no approved area. His conduct constituted a single violation. We remand this issue to the trial court for further consideration.

■

Schmitt's also raises a similar claim that it is unfair to assess him forfeitures for both failing to close and abandon a landfill site and operating without a license from March 30, 1984 until July 31, 1985 because if a landfill "is continuing to be filled, it is not being closed." However, failure to close and abandon a landfill site may occur even if no filling is going on. "'Closing' means the time at which a solid or hazardous waste facility ceases to accept wastes, and includes those actions taken by the owner or operator to prepare the facility for long-term care and to make it suitable for other uses." Section 144.43(1m), Stats. Therefore it was proper for the trial court to assess forfeitures based on these different regulation violations even though they occurred on the same day.

---

multiple prosecutions, because this case does not involve two criminal trials or two criminal punishments, double jeopardy is not implicated. *See One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 235 (1972) (double jeopardy clause does not bar a forfeiture because it involves neither two criminal trials nor two criminal punishments). Absent statutory considerations and the doctrine of *res judicata,* there is no reason why a defendant in a forfeiture action cannot be "twice put in jeopardy of life or limb." U. S. Const. amend. V. A fifth amendment analysis is therefore wholly unnecessary in forfeiture actions. Using that analysis presupposes a right that a defendant does not have.

[10]Schmitt owns other landfills, not at issue in this lawsuit.

*Sundays and Holidays*

Schmitt also argues that he should not have been assessed forfeitures for holidays and Sundays because the landfill was not open those days. However, the environmental damage from his illegal activities did not take a holiday or any other days off.[11] Further, Schmitt cites no authority for this proposition, and such arguments are not addressed on appeal. *State v. Lale,* 141 Wis. 2d 480, 486 n. 1, 415 N.W.2d 847, 850 (Ct. App. 1987).

*Alleged Court Error in Calculation*

Schmitt alleges that the trial court erroneously held that Schmitt had closed the landfill by July 15, 1986, and that the uncontradicted evidence indicates that the landfill was properly closed on July 7, 1986. Schmitt argues that we should subtract eight days of violations at $100 a day from the forfeiture total. The state argues that Schmitt did not complete the documentation, which is considered part of the closure, by July 18, 1985, the last day of trial.

The trial court's July 23, 1985 order did not require the documentation the state refers to. It merely required that the physical actions of covering, reseeding, mulching, venting, etc., take place. However, Schmitt concedes that he had not mulched the landfill site by July 7, 1986. We conclude that Schmitt

---

[11]There was testimony that an unclosed landfill produces two and one-half times the amount of leachate than that of a properly closed landfill. Leachate is the toxic substance produced by the percolation of water through the refuse in a landfill. Wis. Adm. Code, sec. NR 500.03(75).

did not fully comply with the court's order by July 7, 1986. He makes no further argument that he fully complied with the court's order before July 15, 1986. Schmitt shows no error.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings.

GARTZKE, P.J. (*dissenting*). All forfeitures, including those for filling beyond the approved area, should be affirmed.

The landfill is defined by boundaries and areas approved for filling. Those boundaries and areas constitute the landfill. They exist independently of the license. It is undisputed that Schmitt operated the landfill without a license and it is undisputed that he filled outside the approved area. The view that sec. 144.99, Stats., was not violated since no approved area existed after Schmitt's license expired is not argued on appeal.

Schmitt contends only that a single act should be considered a single violation. He points out that otherwise a single act could be considered the violation of various provisions in ch. 144, Stats., and a forfeiture for each violation could be imposed.

Multiple forfeitures for violations of different statutes, all resulting from the same act, are indeed possible. This case is a example. Schmitt is charged with operating without a license, contrary to sec. 144.44(4), Stats., and violating a plan approval, contrary to sec. 144.99. Each statute requires proof of facts the other does not. Each is therefore separate and distinct from the other, and a single act may violate both. *See Blockburger v. United States,* 284 U.S. 299, 304 (1932) (if each statute requires proof of

an additional fact which other does not, single act may violate both). That Schmitt's single act violated both is undisputed. The trial court properly imposed forfeitures for both.