IN RE the MARRIAGE OF: Diane E. OLSON,
Petitioner-Respondent,

v.

Elmer R. OLSON, Appellant.

Court of Appeals

*No. 88–0445. Submitted on briefs November 4, 1988.—Decided
December 8, 1988.*

(Also reported in 435 N.W.2d 266.)

For the appellant the cause was submitted on the brief of *Thomas F. Peterson,* and *Peterson, Antoine & Peterson, S.C.,* of Prairie du Chien.

For the petitioner-respondent the cause was submitted on the brief of *Sabina Bosshard* and *Bosshard & Associates,* of La Crosse.

Before Gartzke, P.J., Dykman, and Eich, JJ.

DYKMAN, J. Elmer Olson appeals from a divorce judgment. The issues are whether the trial court abused its discretion by requiring Elmer to pay his wife, Diane, maintenance of forty percent of his gross salary for ten years, and by including the portion of Elmer's pension earned prior to marriage in the property division. We conclude that the trial court did not abuse its discretion in awarding Diane maintenance, but that it abused its discretion on the pension issue because it relied upon an erroneous view of the law. Therefore we affirm in part and reverse in part.

The parties divorced after a twenty-seven year marriage. Elmer, fifty-five years old, is retired from the air force and is now employed as an airline pilot. His

monthly income consists of his salary of $1,140 per month and his air force pension of approximately $1,600 per month. Twenty-four percent of his pension is attributable to time spent in the air force before he and Diane were married. Diane, fifty-seven, is a homemaker and otherwise unemployed.

The parties stipulated to the divorce settlement except for the issues of maintenance and the division of Elmer's pension. The trial court awarded Diane limited maintenance of forty percent of her husband's salary for ten years. The trial court also concluded that it was required to divide Elmer's pension equally between the parties.

## STANDARD OF REVIEW

An award of maintenance is within the trial court's discretion, and we uphold such an award absent an abuse of discretion. *In re Marriage of Harris v. Harris,* 141 Wis. 2d 569, 573, 415 N.W.2d 586, 588 (Ct. App. 1987). A property division is also within the trial court's discretion. *In re Marriage of Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608, 610 (Ct. App. 1985). To be sustained, a discretionary determination must be the result of a rational mental process where the facts of record and law relied upon are stated and considered together to achieve a reasoned and reasonable decision. *In re Marriage of LaRocque,* 139 Wis. 2d 23, 27, 406 N.W.2d 736, 737 (1987). A court abuses its discretion if it relies upon an erroneous view of the law. *State v. Schmitt,* 145 Wis. 2d 724, 729, 429 N.W.2d 518, 520 (Ct. App. 1988).

## MAINTENANCE

Elmer concedes that Diane is entitled to maintenance. However, he contends that the trial court erred in awarding Diane forty percent of his gross salary for ten years because he will only be able to work as a pilot for at most five more years. He claims that because the trial court did "not take into account that within five years he will not have that job and may well not be able to apply those skills elsewhere in the job market," it abused its discretion. We disagree.

The trial court considered that Elmer was probably going to earn less after he turned sixty, and that it was possible he may not earn anything. The trial court awarded no dollar amount for maintenance, but set it at forty percent of Elmer's gross salary. Elmer's sole argument is that since he will only be able to fly for at most five more years, the court should not go beyond that term in awarding maintenance.

■

If Elmer earns no salary after five years, he pays nothing. If he receives salary after five years, his argument fails because he would then have money from which to pay Diane's maintenance. Because the trial court considered the proper facts and law together to reach a rational result, we conclude the trial court properly exercised its discretion in awarding maintenance, and we affirm this part of the judgment.[1]

---

[1]The trial court also found that after ten years Elmer would "certainly be retired, and at that time, each of the parties shall draw on social security benefits." Elmer does not argue that this finding is clearly erroneous. This finding provides further support for the trial court's ten-year maintenance award.

Elmer next argues that the trial court abused its discretion by not excluding from its property division the twenty-four percent of his pension earned before marriage. Elmer argues that of his approximately $1,600 per month pension, he should receive $400 (twenty-four percent), and that the parties should evenly divide the remaining $1,200.

Section 767.255, Stats., which deals with property division at divorce, provides in relevant part:

> Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:
>
> . . . .
>
> (2) The property brought to the marriage by each party.

The trial court discussed the pension issue:

> It is correct that a part of the pension earnings over the 21 years includes five years of employment prior to marriage. So, that would be about a little less than $\frac{1}{4}$ of the pension years. The pension was not vested at the time of marriage. But, as I see the

law, unless there's some prenuptial agreement or we have inheritance, gift problems and substantial assets brought to the marriage, this is something that you bring to the marriage, what you have, and you throw it into the pot and so this—any pension possibility was brought to the marriage and therefore the pension should be divided, including the entire pension and including the five years prior to marriage.

■ While it is undisputed that pension benefits attributable to earnings before and during the marriage are part of the marital estate, *In re Marriage of Steinke v. Steinke,* 126 Wis. 2d 372, 380-81, 376 N.W.2d 839, 843-44 (1985), the trial court concluded that as a matter of law it was required to equally divide the total pension, even though twenty-four percent of it had been earned prior to marriage. This is an error of law, and therefore an abuse of discretion. *Schmitt,* 145 Wis. 2d at 729, 429 N.W.2d at 520. Section 767.255, Stats., does not require that a trial court equally divide pension benefits earned before the marriage, but leaves this matter to the court's discretion. Because the court based its decision upon a mistaken view of the law, it abused its discretion. *Schmid v. Olsen,* 111 Wis. 2d 228, 237, 330 N.W.2d 547, 552 (1983). Therefore we reverse and remand this part of the judgment for further proceedings.

*By the Court.*—Judgment affirmed in part, reversed in part, and cause remanded for further proceedings. No costs to either party.