STATE of Wisconsin, Plaintiff-Respondent,†

v.

John DeSANTIS, Defendant-Appellant.

Court of Appeals

*No. 88-1744-CR. Submitted on briefs March 9, 1989.—Decided June 22, 1989.*

(Also reported in 445 N.W.2d 331.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the briefs of *Michael J. Devanie* and *Phelps, Thompson & Koby, Ltd.,* of La Crosse.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J. John DeSantis appeals from a judgment convicting him of second-degree sexual assault, contrary to sec. 940.225(2)(a), Stats. At trial, the court allowed a sexual assault counselor to testify as to the general behavior of sexual assault victims. The court did not allow a witness to testify regarding the complainant's allegedly untruthful prior sexual assault allegation, and did not allow DeSantis to cross-examine the complainant on this point.

The issues are whether the trial court abused its discretion by allowing the sexual assault counselor to testify and by not allowing testimony or cross-examination regarding the complainant's allegedly untruthful prior sexual assault allegation. We conclude that the trial court did not abuse its discretion by permitting the counselor's testimony, but did abuse its discretion by not allowing testimony or cross-examination regarding the complainant's allegedly untruthful prior sexual assault allegation. Therefore, we affirm in part and reverse in part.

## FACTS

John DeSantis was charged with second-degree sexual assault. The complainant testified at trial that she was walking home at approximately 2:30 a.m. After she unlocked her apartment door, DeSantis allegedly came up behind her, pushed her into her apartment and onto the floor, disrobed her and himself, and sexually assaulted her. A witness testified that she went to the complainant's apartment after the alleged assault and observed that the complainant was intoxicated and crying. She consoled the complainant. The witness testified that she had observed the complainant many times before in a similar state and that she tended to cry a lot when intoxicated.

Over DeSantis's objection, a sexual assault counselor testified about the general behavior of sexual assault victims. The trial court did not allow DeSantis to submit a witness's testimony that the complainant had made a prior rape allegation which she had later admitted was false. The trial court also refused to allow DeSantis to cross-examine the complainant regarding this incident.

## STANDARD OF REVIEW

Evidentiary rulings are within a trial court's discretion. *State v. Fishnick,* 127 Wis. 2d 247, 257, 378 N.W.2d 272, 278 (1985). A trial court properly exercises its discretion if it examines the relevant facts, applies a proper view of the law, and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *State v. Schmitt,* 145 Wis. 2d 724, 729, 429 N.W.2d 518, 520 (Ct. App. 1988). A trial court abuses its discretion if it relies upon an erroneous view of the law. *Id.*

## ADMISSIBILITY OF SEXUAL ASSAULT COUN-SELOR'S TESTIMONY

The first issue is whether the trial court abused its discretion by allowing a sexual assault counselor to testify regarding sexual assault victims' general characteristics.[1] The state submitted this evidence to dispel a "common misperception" that the complainant's calm demeanor was inconsistent with being a sexual assault victim. The trial court concluded that evidence on this issue was relevant and that it would "assist the jury in

---

[1]The witness described the phenomenon known as rape trauma syndrome and discussed the series of phases sexual assault victims normally go through. She explained how fear and shock can affect a victim's ability to recall the sexual assault shortly after its occurrence. She also related how the different phases of rape trauma syndrome could bear on the victim's willingness to press charges. The witness had never spoken to the complainant and had not been involved in handling the sexual assault report. The witness never compared complainant's behavior to that of other sexual assault victims and did not give her opinion on whether the complainant was telling the truth about the assault.

the determination of a fact that they are required to make."[2]

The sexual assault counselor's testimony is admissible under *State v. Robinson,* 146 Wis. 2d 315, 333, 431 N.W.2d 165, 171-72 (1988). In that case, the witness testified to her observations of the complainant and other sexual assault victims. *Id.* She related that she had noted emotional flatness in such victims immediately after an assault and emotional shifts from "relative calmness to agitation in the hours, days, or weeks following the assault." *Id.* The witness in *Robinson,* like the witness in this case, offered no opinion evidence. *Id.* The *Robinson* court held this evidence "serves a particularly useful role by disabusing the jury of some widely held misconceptions about sexual assault victims." *Id.* at 335, 431 N.W.2d at 172-73. The supreme court reached similar conclusions in *State v. Jensen,* 147 Wis. 2d 240, 250-52, 432 N.W.2d 913, 918 (1988).

██

DeSantis' counsel made much of the inference that the complainant was reluctant to press charges. The sexual assault counselor's testimony was relevant because it helped dispel any misconceptions the jury may have had regarding this behavior. DeSantis shows no error on this point.[3]

---

[2]DeSantis does not argue that the witness was unqualified as an expert. We do not address this issue.

[3]DeSantis argues that the court should have given a limiting instruction to the jury regarding this testimony. He does not argue that he requested one. Failure to request an instruction waives any such claim of error on appeal. *State v. Schumacher,* 144 Wis. 2d 388, 409, 424 N.W.2d 672, 680 (1988). DeSantis also argues that only hypothetical questions can be used to present this testimony. The supreme court rejected this view in *Jensen,* 147 Wis. 2d at 258, 432 N.W.2d at 921.

DeSantis made an offer of proof through a witness who testified that, in the fall of 1985, the complainant had returned to her dormitory on a weekend night, intoxicated, crying and very upset and told the witness repeatedly that she had been raped. Then, in the spring of 1986, the complainant told the witness that "it didn't happen the way [I] had said it did." As an additional offer of proof, defense counsel also examined the complainant outside the jury's presence regarding the prior untruthful accusation of sexual assault she allegedly had made. She denied ever telling the witness that she had been raped. Rather, she testified that the incident involved an unfamiliar male putting his arm around her as she walked home one night. She testified she never denied at a later time that the incident had occurred. The court concluded that the evidence did not fit within an exception to the rape shield law, sec. 972.11, Stats., that it would lead to jury confusion, that it had little probative value, and that the prior incident was irrelevant and remote.

We first address whether this evidence was within one of the exceptions to Wisconsin's Rape Shield Law.

Section 972.11(2), Stats., provides in part:

> (a) In this subsection, "sexual conduct" means any conduct or behavior relating to sexual activities of the complaining witness, including but not limited to prior experience of sexual intercourse or sexual contact, use of contraceptives, living arrangement and life-style.
> (b) If the defendant is accused of a crime under s. 940.225 . . . any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as

to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31(11):

1. Evidence of the complaining witness's past conduct with the defendant.

2. Evidence of specific instances of sexual conduct showing the source or origin of semen, pregnancy or disease, for use in determining the degree of sexual assault or the extent of injury suffered.

3. Evidence of prior untruthful allegations of sexual assault made by the complaining witness.

A witness testified that the complainant had come into the witness's college dormitory room one night, intoxicated, crying and very upset, and told her repeatedly that she had been raped outside their college dormitory. The witness then testified that the complainant later admitted this allegation was untrue. The complainant testified that this incident only involved a man putting his arm around her. We conclude that the witness's testimony constitutes evidence of a prior untruthful allegation[4] of sexual assault by the complainant. The testi-

---

[4]"Allegation" is defined as "the act of alleging or asserting positively often before a court," or "something asserted or declared" or "a statement by a party to a legal action of what he undertakes to prove." *Webster's Third New International Dictionary* 55 (1975). The complainant did not bring and later recant formal charges against the person who put his arm around her. The state does not argue that this evidence did not involve an allegation.

Nevertheless, we have examined the statutory history of sec. 972.11(2)(b)3, Stats., to determine the meaning of the term "allegation" as it is used in the statute. The statute began in sec. 12, ch. 184, Laws of 1975. In 1975 Senate Bill 233, the proposed sec.

mony is therefore admissible, with some restrictions. Sec. 972.11(2)(b)3, Stats. The complainant testified she never told the witness she had been raped. That the witness's testimony may be false, however, does not go to the question of admissibility. Witness credibility is a separate determination to be made by the trier of fact. *State v. Wyss,* 124 Wis. 2d 681, 694, 370 N.W.2d 745, 751 (1985).

The dissent concludes that courts should determine whether a prior allegation of sexual assault occurred by examining the emotional condition of the complainant and the status of the person to whom the complaint is made. These considerations are not relevant to the legislative determination that one who has falsely accused others of sexual assault in the past may do so again. A pattern or history of false assertions of any kind is not proven by showing the status of the person receiving the information or the emotional condition of the complainant.

We next determine whether this evidence was admissible under sec. 971.31(11), Stats., which provides in part: "In actions under s. 940.225 . . . evidence which is admissible under s. 972.11(2) must be determined by

972.11(2)(b)3 exception related to "unfounded allegations" rather than "untruthful allegations." The term "unfounded" was defined to mean that a district attorney had concluded that the sexual assault allegation was non-prosecutable. The Senate Committee on Judiciary and Community Affairs offered a substitute amendment to 1975 Senate Bill 233. This amendment substituted the language presently found in sec. 972.11(2)(b)3. We interpret the legislature's action as evidencing its intent to reject a restrictive exception based on a district attorney's decision not to prosecute. We conclude the legislature intended to extend the exception to any untruthful allegation of sexual assault, whether reported to the police or not.

the court upon pretrial motion to be material to a fact at issue in the case and of sufficient probative value to outweigh its inflammatory and prejudicial nature before it may be introduced at trial."

In *State v. Gavigan,* 111 Wis. 2d 150, 157 n. 3, 330 N.W.2d 571, 576 n. 3 (1983), the supreme court said that the following criteria are in accord with an evaluation of evidence under sec. 971.31(11), Stats. "First, the evidence must serve to prove a fact . . . which is relevant to an issue in the case. Second, the probative value of the evidence must outweigh any prejudice . . .."[5] *Id.* at 157, 330 N.W.2d at 576. The trial court did not discuss these criteria. However, where the trial court fails to set forth its reasoning in exercising its discretion on whether to admit evidence, we independently review the record to determine whether it provides a basis for the trial court's exercise of discretion. *State v. Pharr,* 115 Wis. 2d 334, 342, 340 N.W.2d 498, 502 (1983).

DeSantis claimed that no sexual assault had occurred and that any sexual contact with the complainant was consensual. The complainant contradicted these assertions. We conclude that the record demonstrates that the evidence of the complainant's alleged prior untruthful sexual assault allegation goes to the complainant's credibility, a crucial fact at issue. *State v. Penigar,* 139 Wis. 2d 569, 586, 408 N.W.2d 28, 36 (1987).

---

[5]In *Gavigan,* the supreme court ruled that evidence of a complainant's sexual conduct was admissible even though it was not within a listed exception under sec. 972.11(2)(b), Stats. The legislature reacted to *Gavigan* by enacting sec. 972.11(2)(c), the purpose of which was to prohibit courts from reading exceptions into the Rape Shield Law. *State v. Mitchell,* 144 Wis. 2d 596, 612-13, 424 N.W.2d 698, 704 (1988). Section 972.11(2)(c) has no effect on our opinion, nor on the supreme court's conclusion that these criteria are in accord with sec. 971.31(11), Stats.

It is probative because it would tend to influence the trier of fact on the issue of whether the complainant is telling the truth.

The state claims that the witness's testimony had low probative value and that it was insufficient to prove that the prior allegation was false, even if one assumed that the complainant had made a prior allegation that she had been raped. The state argues that because the witness's testimony would not have shown that the complainant's earlier sexual assault allegation was demonstrably false, the trial court did not violate DeSantis's right to present a defense by prohibiting the witness from testifying.

The witness testified that the complainant said she had been raped but that later the complainant said "it didn't happen the way [I] had said it did." The complainant agreed with the witness's statement in all respects except that the complainant claimed she had never said she had been raped. This is not a case like *Hughes v. Raines*, 641 F.2d 790, 792 (9th Cir. 1981), relied on by the state, because in that case, the complainant claimed that her prior allegation of attempted rape was true. The state also relies on *State v. Nab*, 421 P.2d 388, 391 (Or. 1966) and *Little v. State*, 413 N.E.2d 639, 643 (Ind. App. 1980). However, we note that "[a]dmission of true accusations of sexual misconduct is prohibited by the Rape Shield Law because they would be evidence of the victim's sexual conduct. To permit reception of evidence which may be true or false would allow circumvention of the Rape Shield Law." *Little,* 413 N.E.2d at 643.

As *Little* makes clear, the Rape Shield Law prohibits evidence of a true allegation of sexual assault because it is evidence of prior sexual conduct. Here, there is no question that the alleged rape did not take place. The

issue is whether the complainant said she had been raped and then changed her story.

The next question is whether the probative value of the evidence outweighs any prejudicial nature it may have. This evidence does not concern "sexual conduct" within the meaning of sec. 972.11(2)(a), Stats. Therefore, this is not the type of prejudicial evidence the rape shield law was designed to regulate. *See Penigar,* 139 Wis. 2d at 585, 408 N.W.2d at 36 (legislature intended to make inadmissible, with exceptions, evidence of complainant's prior experience of sexual intercourse or conduct). The evidence was not prejudicial for other reasons.

> Evidence is unfairly prejudicial if it has "a tendency to influence the outcome by improper means" or if it "appeals to a jury's sympathies, arouses its sense of horror, provokes its instinct to punish" or otherwise causes the jury "to base its decision on something other than the established propositions in the case."

*Lease America Corp. v. Ins. Co. of N. America,* 88 Wis. 2d 395, 401, 276 N.W.2d 767, 770 (1979) (citation omitted). The state does not argue that any of these considerations apply here.

We conclude that this evidence fits within the statutory exception, that it is probative and that it has not been shown to be unfairly prejudicial. The trial court abused its discretion in not allowing DeSantis to submit this evidence or to cross-examine the complainant about it. Because of our decision, we need not address DeSantis's constitutional argument.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for new trial.

EICH, J. (*dissenting*). The offer of proof made in support of admission of the complainant's "prior untruthful allegation of sexual assault" indicates that, upon returning to her dormitory room one evening, "crying" and "upset" to the point of being "hysterical," she told her roommates that she had been sexually assaulted—"raped"—on her way home. Then, a few months later, when the complainant and other dormitory residents were sitting around "joking . . . about things that had happened over the [school] year," the complainant "basically said that it didn't happen the way she had said it did." According to her, a man had accosted her outside the dormitory and put his arm around her. She broke away and ran inside, frightened and crying.

This, then, was a young woman, "scared," "crying" and "hysterical" after fleeing from a man who had physically accosted her one night as she returned to her university lodgings. Under these circumstances, I cannot agree with the majority's conclusion that her excited remark to her roommates that she had been sexually assaulted—a remark which, if indeed made in the first place, was never acted upon or reported to the dormitory, university or police authorities and was retracted some time later—should be treated as a "prior untruthful allegation[ ] of sexual assault" within the meaning of sec. 972.11(2)(b)3, Stats. I do not believe such a result is warranted by either the facts of this case or the provisions of the rape shield law and must therefore respectfully record my dissent to the majority's holding. I would affirm the conviction.