STATE EX REL. Thomas MORKE, Petitioner-
Appellant,

v.

RECORD CUSTODIAN, Department of Health &
Social Services, Respondent.

Court of Appeals

*No. 89-1143. Submitted on briefs January 12, 1990.—Decided
February 8, 1990.*

(Also reported in 454 N.W.2d 21.)

For the petitioner-appellant the cause was submitted on the briefs of *Thomas R. Morke,* of Lexington, Virginia.

For the respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, with *Jennifer Sloan Lattis,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Thomas Morke appeals from an order dismissing his three petitions for mandamus directed to the Department of Health and Social Services. While an inmate at the Fox Lake Correctional Institution, Morke requested copies of all judgments of conviction in the possession of the department concerning three named prison inmates, all of whom were incarcerated with him at Fox Lake. He made the request under sec. 19.35, Stats., the Public Records Law. The department denied his requests. He petitioned the circuit court for mandamus pursuant to sec. 19.37(1)(a) to review the department's denials of his three requests.[1] We infer from the record that he has since been released from incarceration in Wisconsin.

---

[1]This appeal is at least the third public records action brought by Morke to reach this court. *See State ex rel. Morke v. Parole Board,* 148 Wis. 2d 250, 434 N.W.2d 824 (Ct. App. 1988) *(Morke I); State ex rel. Morke v. Donnelly,* 151 Wis. 2d 219, 444 N.W.2d 730 (Ct. App.), *petition for review granted,* 446 N.W.2d 285 (1989) *(Morke II).*

The issue is whether the circuit court abused its discretion by dismissing the petitions. We disagree with the court's stated reason, but we conclude that a reasonable basis exists for the dismissals. We therefore affirm.

The department has copies of the judgments. It refused to release them because in the department's view the harm produced by Morke's access to the judgments would outweigh his right of access. The denial letters stated that: (1) Morke did not have permission from the three inmates; (2) his access to the judgments would create a substantial risk he would use the records to intimidate, harass, or otherwise harm the inmates; and (3) access would jeopardize the inmates and create turmoil within the correctional institution, causing a breach of institutional security.

The circuit court issued alternative writs of mandamus requiring that the department release the judgments or show cause why it need not. The court granted the department's motion to quash and dismissed Morke's petitions because neither he nor the public would suffer grave or irreparable harm from the denial, citing *State ex rel. Staples v. DH&SS,* 130 Wis. 2d 285, 288, 387 N.W.2d 118, 120 (Ct. App. 1986). It reached that conclusion because Morke could obtain the same records from clerks of court in this state.

We conclude that the circuit court reached the right result but for the wrong reason. Mandamus must issue on behalf of a petitioner who establishes: (1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and (4) no other adequate remedy at law. *Law Enforce. Stds. Bd. v. Lyndon Station,* 101 Wis. 2d 472, 493-94, 305 N.W.2d 89, 99 (1981). The circuit court relied on an erroneous interpretation of the substantial damages requirement. However, we affirm the order

under review because Morke has not shown a positive and plain duty of the department to release the records to him.

The circuit court relied on our reference in *Staples,* 130 Wis. 2d at 288, 387 N.W.2d at 120, to "grave or irreparable harm" rather than "substantial damages." That interpretation was not essential to our judgment in *Staples,* was *dictum,* and we withdraw it. We cited *Lyndon Station* as precedent, but that decision nowhere refers to grave or irreparable harm. As the *Lyndon Station* court said, the test is "substantial damages." *Lyndon Station* at 494, 305 N.W.2d at 99.

■

A trial court abuses its discretion if it relies on an erroneous view of the law. *In re Marriage of Olson v. Olson,* 148 Wis. 2d 219, 221, 435 N.W.2d 266, 267 (Ct. App. 1988). However, an appellate court may independently review the record to determine whether the result of a discretionary determination is proper. *In re Marriage of Rodak v. Rodak,* 150 Wis. 2d 624, 632 n.6, 442 N.W.2d 489, 493 (Ct. App. 1989). We take that course here.

The department urges that we sustain dismissal of Morke's mandamus petitions because he has an adequate remedy at law. The department argues that Morke can request copies of the judgments from the clerks of courts which convicted the three inmates. We reject the argument.

■

Mandamus should issue even if another remedy exists if the other is inadequate.

> To exclude resort to *mandamus* on the ground that the relator has another remedy, such remedy must be an adequate one and well adapted to remedy the wrong complained of; if it is inconvenient or

incomplete the court exercises a sound discretion in granting or refusing the writ. Another remedy tedious and not so well adapted to the nature of the case as that by *mandamus* will not operate to prevent resort to the latter remedy, and it is said the other remedy must be one competent to afford relief upon the very subject matter involved, that it must not only be adequate but specific.

*State ex rel. Sheboygan County v. Telgener,* 199 Wis. 523, 526-27, 227 N.W. 35, 37 (1929) (citation omitted).

Unless he knew the counties involved, Morke's alternative to obtaining copies from the department would be to request conviction records for each of the three inmates from each of the seventy-two circuit court clerks in the state.[2] That alternative is laborious, certainly inconvenient, and perhaps expensive and would be enormously complicated if any of the inmates had out-of-state convictions. We conclude that Morke's alternative remedy to mandamus is inadequate.

The circuit court's decision to quash the writs of mandamus and dismiss the petitions was a discretionary act. *Morke II,* 151 Wis. 2d at 222, 444 N.W.2d at 731. We will affirm a discretionary order if a reasonable basis exists for it. *State v. Schmitt,* 145 Wis. 2d 724, 734, 429 N.W.2d 518, 522 (Ct. App. 1988).

A reasonable basis exists for the order dismissing Morke's petitions. The department provided specific public policy reasons for refusing to comply with his

---

[2]The record shows that Morke knew of some courts in which such convictions had occurred and he obtained copies of certain convictions from the clerks of those courts. However, his request to the department was for *all* judgments of conviction as to each of the three inmates.

requests, as required by cases such as *Journal/Sentinel, Inc. v. Aagerup,* 145 Wis. 2d 818, 822, 429 N.W.2d 772, 774 (Ct. App. 1988). Those reasons, to the effect that in the department's view compliance created a security risk within the correctional institution, provide a specific basis for the refusal.

The reasons given for denial of access are sufficient as well as specific. In essence, the denials stated that the balance between possible harm to the public interest in disclosure with the public interest in open access was struck in favor of closure because of the department's concerns that: (1) Morke could use the information to harass and intimidate the subject prisoners and (2) such activities would create 'turmoil' in the institution and constitute a breach of security.

■

Whether harm to the public interest from inspection outweighs Morke's interest in inspection is a question of law. *Aagerup,* 145 Wis. 2d at 825, 429 N.W.2d at 775. We measure the sufficiency of the department's explanation as of the time it denied Morke's request. *Oshkosh Northwestern Co. v. Oshkosh Library Bd.,* 125 Wis. 2d 480, 485, 373 N.W.2d 459, 462–63 (Ct. App. 1985). That he has since been released from Fox Lake is irrelevant.

That Morke had already obtained some of the records and may ultimately obtain the balance from the seventy-two clerks of court detracts from the sufficiency of the department's explanation but does not destroy it. The department cannot stop Morke from obtaining the records from the clerks of court but can refuse to help him complete a project inimical to institutional security.

■

Every "correctional institution has a vital interest in preventing the disruption of its rehabilitation of

inmates and also in ensuring the safety of all—both within and without the prison boundaries." *State v. Killebrew,* 109 Wis. 2d 611, 620, 327 N.W.2d 155, 160 (Ct. App. 1982), *aff'd,* 115 Wis. 2d 243, 340 N.W.2d 470 (1983). The public has an identical interest in protecting and rehabilitating inmates. Those combined interests outweigh Morke's interest in free access to conviction records in the department's possession without the subject inmates' permission.

Because we conclude that the circuit court did not abuse its discretion when dismissing Morke's petitions, we affirm its order.

*By the Court.*—Order affirmed.