ADVANCE DRY WALL COMPANY *v.* REGENCY
HOMES, INCORPORATED

1. DISMISSAL AND NONSUIT—MOTIONS—EVIDENCE—TESTIMONY—CONSTRUCTION.

Testimony introduced on behalf of a plaintiff must be considered in the light most favorable to plaintiff's contentions on a motion by defendant to dismiss.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 349.
[2] 5 Am Jur 2d, Appeal and Error § 839.
[3, 4] 19 Am Jur 2d, Corporations § 1574.

2. ACCOUNT—EQUITY—DE NOVO REVIEW—APPEAL AND ERROR.

> The Court of Appeals will not disturb a trial judge's findings in an appeal of an accounting in equity, which is *de novo*, unless, after an examination of the record, the appellate court would have arrived at a different result had it been in the trial judge's position.

3. CORPORATIONS—PREFERENTIAL PAYMENTS—INSOLVENCY—ANTECEDENT DEBTS—OFFICERS—DIRECTORS.

> A corporation may make preferential payments to its officers and directors even though such preferences are given on the eve of its insolvency and are in payment of antecedent debts.

4. CORPORATIONS—INSOLVENCY—DIRECTORS—TRUSTEES—STATUTES.

> A statutory provision that corporate directors shall be trustees of the corporate properties in the winding up of corporate affairs was not enacted to alleviate the effect of a Supreme Court decision permitting a corporation to make preferential payments of antecedent debts to its officers and directors on the eve of insolvency where a similar provision was contained in another section of the statutes at the time of the decision and the same act that made the provision into a new statute section removed the similar provision in the old one (CL 1929, § 10020; CL 1948, §§ 450.47, 450.74a; PA 1943, No 160).

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 October 9, 1969, at Detroit. (Docket No. 6,500.) Decided October 30, 1969. Rehearing denied January 8, 1970. Application for leave to appeal filed February 2, 1970.

Complaint by Advance Dry Wall Company, a Michigan corporation, against Regency Homes, Inc., a Michigan corporation, and Philip J. Alper and Mrs. Thomas Toomey, directors of Regency, for an accounting of corporate assets and the satisfaction of a judgment against Regency Homes, Inc. Corporate defendant dismissed. Judgment for defendant directors. Plaintiff appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Weideman & Knauer,* for defendants.

Before: FITZGERALD, P. J., and McGREGOR and V. J. BRENNAN, JJ.

FITZGERALD, P. J. Plaintiff sought an accounting by individual defendants-directors of disposition of assets of the defunct Regency Homes, Inc., repayment to the corporation of any assets wrongfully diverted to the individual defendants-directors, and satisfaction of a previous judgment rendered against Regency Homes, Inc., in favor of plaintiff. The trial court, sitting without a jury, found that an accounting had been performed by defendants and that *John A. Parks Co.* v. *General Discount Corp.* (1940), 294 Mich 316, controlled the case. Plaintiff appeals.

Plaintiff argues that defendants have not accounted for the disposition of all of the assets and that the directors are deemed trustees for the benefit of creditors under CL 1948, § 450.74a (Stat Ann 1963 Rev § 21.74[1]), through MCLA § 450.75a (Stat Ann 1963 Rev § 21.75[1]). Since CL 1948, § 450.74a, *supra,* was added in its present form three years after the *Parks* decision, plaintiff claims it controls and was promulgated in order to alleviate the deficiencies of *Parks.*

Defendants claim that they have turned over all records in their possession to the plaintiff, have accounted to plaintiff, and have conducted their affairs in the best interests of the corporation and its creditors. Defendant Alper claims that he made personal advances to the corporation and paid corporate debts out of his own pocket. Defendant Alper also

withdrew funds for his own salary but not in the full amount owed to him by the corporation.

The main issue on appeal is whether the trial court erred in granting defendants' motion to dismiss based on the facts proved and the law argued by plaintiff.

It is a well established principle that on a motion to dismiss, the testimony introduced on behalf of the plaintiff must be considered in the light most favorable to plaintiff's contentions. *Parks* v. *General Discount Corp., supra.* Since review of plaintiff's request for an accounting in equity is *de novo, Bugariu* v. *Bugariu* (1967), 8 Mich App 673, findings of the trial judge are not disturbed unless, after an examination of the record, the appellate court would have arrived at a different result had it been in the position of the trial judge. *Gunn* v. *Delhi Township* (1967), 8 Mich App 278.

We believe the record contains ample factual support for a finding that defendants have supplied plaintiff and the trial court with all of the information, records and books available to them. We find no need for any further action by defendants in this regard.

With respect to the preferences which were made by defendant Regency Homes through its officers and directors by way of payment to certain creditors and officers, we concur with the trial court finding which deems *Parks* v. *General Discount Corp., supra,* controlling. We have found no evidence that the *Parks* holding has been or was meant to be disturbed by any Michigan court. *Parks* stands for the fundamental proposition that a corporation may make preferential payment to its officers and directors even though such preferences are given on the eve of insolvency and are in payment of antecedent

debts. *Parks, supra,* p 330, citing *Baker* v. *Hellner Realty Co.* (1933), 265 Mich 625.

Moreover, although CL 1948, § 450.74a, *supra,* was added in 1943 containing the language quoted by plaintiff, similar language was contained in CL 1929, § 10020 (Stat Ann § 21.47) at the time of the decision of *Parks* and was removed by the same act that added § 450.74a (PA 1943, No 160). Therefore, CL 1948, § 450.74a, *supra,* cannot reasonably be said to have superseded *Parks, supra.* See Historical Note, MCLA § 450.47; Wilgus & Hamilton, Michigan Corporation Law, (2d ed), p 339, 399, 400.

Other issues raised by plaintiff relative to the amended answer and the running of the statute of limitations are of no determinative significance.

We find no reason for reversing the lower court decision.

Affirmed. No costs, appellees not having filed a brief on appeal.

All concurred.