MAST, Plaintiff-Respondent, v. OLSEN, Defendant-Appellant.

Supreme Court

*No. 76–275. Submitted on briefs January 9, 1979.—Decided May 1, 1979.*

(Also reported in 278 N.W.2d 205.)

For the appellant the cause was submitted on the brief of *Frank, Hiller & Shapiro* of Milwaukee.

For the respondent the cause was submitted on the brief of *John J. Valenti* and *F. William Russo,* both of Milwaukee.

SHIRLEY S. ABRAHAMSON. J.    This is an appeal from the trial court's denial of a motion to dismiss a complaint.

Mast's complaint alleged that Olsen executed a bond for release of property belonging to Davis which had been attached; that under the release bond Olsen agreed to pay Mast on demand the amount of a judgment not exceeding $14,586.50 which Mast might recover against

Davis; that judgment was entered in Mast's favor against Davis in the amount of $8,473.02; and that Olsen refused to pay Mast that sum.

Olsen moved to dismiss Mast's complaint on the alternative grounds that the trial court lacked subject matter jurisdiction and that the complaint failed to state a claim upon which relief may be granted. Sec. 802.06(2), Stats.[1] In support of the motion Olsen asserted that Ch. 266, Stats. 1973, pursuant to which Davis' property was attached, is unconstitutional because it violates the due process guarantee of the Fourteenth amendment of the United States Constitution and because an unconstitutional attachment will not sustain an action based on a bond given to secure the release of the attached property.

---

[1] Sec. 802.06(2), Stats., provides:

"802.06 **Defenses and objection; when and how presented; by pleading or motion; motion for judgment on the pleadings.** . . .

"(2) HOW PRESENTED. Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd party claim shall be asserted in the responsive pleading thereto if one if required, except that the following defenses may at the option of the pleader be made by motion: (a) lack of capacity to sue or be sued, (b) lack of jurisdiction over the subject matter, (c) lack of jurisdiction over the person or res, (d) insufficiency of summons or process, (e) untimeliness or insufficiency of service of summons or process, (f) failure to state a claim upon which relief can be granted, (g) failure to join a party under s. 803.03, (h) res judicata, (i) statute of limitations, (j) another action pending between the same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. Objection to venue shall be made in accordance with s. 801.53. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If on a motion asserting the defense described in (f) to dismiss for failure of the pleading to state a claim upon which relief can be granted, or on a motion asserting the defenses described in (h) or (i), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and

In denying Olsen's motion the trial court concluded that Olsen "has no standing to raise the issues set forth in his motion to dismiss, and . . . even if he had such standing he would be estopped from exerting [sic] the same." The trial court's order does not state the legal or factual bases upon which its conclusions rest.

On appeal Olsen argues his right to assert the unconstitutionality of the attachment statute. Mast on appeal not only challenges Olsen's right to raise the constitutional issue but also argues the merits of the issue. Mast apparently concedes that Ch. 266[2] is unconstitutional, relying upon *United States General, Inc. v. Arndt,* 417 F. Supp. 1300 (E.D. Wis. 1976), in which a three-judge court declared Ch. 266, Stats. 1973, unconstitutional.[3] Mast assumes that *Arndt* is binding upon this court[4] and that if *Arndt* were applied retroactively, this court would be required to hold that Ch. 266 as applied in the attachment of Davis' property is invalid. However Mast argues that this court should not apply *Arndt* retroactively to relieve Olsen of his obligation under the bond.

We conclude that on the basis of the record before it the trial court was correct in denying Olsen's motion to dismiss the complaint. But we further conclude that the

disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08."

[2] Ch. 266 was renumbered Ch. 811 by Supreme Court order of February 17, 1975, effective January 1, 1976. Chapter 811 was amended by Ch. 412, Laws of 1977.

[3] *See Sniadach v. Family Finance Corp.,* 395 U.S. 337 (1969); *Fuentes v. Shevin,* 407 U.S. 67 (1972).

[4] On the question of whether state courts are bound by a decision of a federal court holding a statute of that state unconstitutional, *see generally United States ex rel. Lawrence v. Woods,* 432 F.2d 1072 (7th Cir. 1970), *cert. denied* 402 U.S. 983 (1971); *Babbitz v. McCann,* 320 F. Supp. 219, 221, 222 (E.D. Wis. 1970); *Stuart v. Farmers Bank of Cuba City,* 137 Wis. 66, 75, 117 N.W.

record does not support the trial court's determination that Olsen has no standing to raise the issue of the constitutionality of ch. 266 or that Olsen is estopped from doing so. Accordingly we affirm the order denying Olsen's motion to dismiss but modify the order to permit Olsen to raise the defense of the constitutionality of Chapter 266 in further proceedings.

This court has stated that a party has standing to raise constitutional issues only when his or her own rights are affected. He or she may not vindicate the constitutional rights of a third party. A party has standing to challenge a statute if that statute causes that party injury in fact and the party has a personal stake in the outcome of the action. *Scharping v. Johnson*, 32 Wis.2d 383, 395, 145 N.W.2d 691 (1966); *Milwaukee v. Milwaukee Amusement, Inc.*, 22 Wis.2d 240, 251, 125 N.W.2d 625 (1964). This court adheres to this rule of standing because a court should not adjudicate constitutional rights unnecessarily and because a court should determine legal rights only when the most effective advocate of the rights, namely the party with a personal stake, is before it.

The record before us does not support the trial court's conclusion that Olsen lacks standing. It appears from the pleadings that Olsen has an economic stake in challenging the statute and therefore has standing.

The pleadings before us do not set forth facts upon which this court or the trial court could conclude that Olsen was estopped from asserting the defenses he set forth.

820 (1908); Annot., *Duty of State Courts to Follow Decisions of Federal Courts, Other Than The Supreme Court, on Federal Questions*, 147 A.L.R. 857 (1943).

■
It has been generally recognized that the surety on a release bond is estopped from raising a mere irregularity in the attachment procedure as a defense in an action on the bond. But if the defect alleged would be substantial enough to render the attachment void, *i.e.* without authority of law, the surety may assert the existence of the defect, and the defect if proved is an adequate defense in an action on the bond. *Billingsley v. Harris,* 79 Wis. 103, 106–107, 48 N.W. 108 (1891); *Pacific Nat'l Bank v. Mixter,* 124 U.S. 721, 728 (1888); Spencer on Suretyship, sec. 283 (1913); Waples on Attachment & Garnishment, sec. 711 *et seq.* (1895); Stearns, *Law of Suretyship,* secs. 10.24, 10.26, 10.27 (1951); Annot., *Right of Surety on Bond Given to Prevent, or Secure the Release of, Attachment, To Attack Attachment Proceedings After Recovery by Plaintiff of Judgment in Attachment Action,* 89 A.L.R 266 (1934).

In the case at bar, Olsen asserts that the defect in the attachment proceedings is of constitutional magnitude. He asserts that ch. 266 as applied in the attachment of Davis' properly violates Davis' due process rights. U. S. Const. Fourteenth Amendment.

The trial court concluded that Olsen was estopped from raising the constitutional defense, implying either that the constitutional defect alleged by Olsen is a "mere irregularity," or that some other theory of estoppel was operative.[5]

■
The line dividing "merely irregular" attachments from "void" attachments is unclear, and we need not draw

---

[5] Mast's brief interprets the trial court as saying that Olsen is estopped by the principles of equitable estoppel from raising the due process defense. *See Kohlenberg v. American Plumbing Supply Co.,* 82 Wis.2d 384, 396, 263 N.W.2d 496 (1978). However the record does not provide a sufficient factual basis upon which this court or the trial court could determine whether Mast relied upon the bond to his detriment.

that line at this time. The line appears to be drawn with several considerations in mind, including protecting the plaintiff's legitimate interest in satisfying his or her judgment; affording plaintiff an opportunity to correct curable defects; recognizing that the legislative goal of enabling the owner of attached property to file bond and recover the property without delay can be undermined if the filing of the bond constitutes a waiver of the right to challenge the attachment; recognizing that the surety's primary concern is not whether the party whose property was attached has a good defense, but whether he is good for the money. *Washington Building Services v. Janitorial Services*, 352 F.2d 678, 681 (D.C. C. 1965); *Jim Causley Pontiac, Inc. v. Worldwide Auto Leas. Co.*, 20 Mich. App. 80, 182 N.W.2d 44, 46, 47 (1970).

Olsen has filed no answer to Mast's complaint. Neither party has submitted evidence. Therefore the record does not indicate the precise nature of the alleged due process violation or the point in the attachment process at which the violation is alleged to have occurred. The record does not indicate whether Mast had available to him before judgment any alternative means of protecting his legitimate interest in collecting judgment. The record fails to show whether Davis contested the attachment,[6] or, assuming that he did, whether he filed the release bond before or after contesting it. The record casts no light on whether Mast could have cured the alleged due process defect had Davis timely called it to Mast's attention. The trial court did not consider the constitutionality of the attachment statutes as applied in this case, and neither did the briefs of the parties on appeal.

In short, the record provides no factual or legal bases upon which we can decide whether Olsen is estopped from challenging the attachment procedure.

---

[6] *See* secs. 266.19–.20, Stats. 1973. *See generally* Annot., *Answering to Merits or Giving Bond for Release of Attachment as Waiver of Objections to Attachment*, 72 A.L.R. 120 (1931); *Givans v. Searle*, 136 Wis. 608, 118 N.W.2d 202 (1908).

Because under the present posture of this case it is not advisable or possible to rule on Olsen's due process defense, the trial court's order denying Olsen's motion to dismiss is affirmed. Insofar as that order precludes Olsen from raising the due process defense at a later stage of this litigation, however, the order is modified so as to accord with this opinion.

*By the Court.*—Order modified and, as modified, affirmed; the cause is remanded for further proceedings not inconsistent with this opinion.