TOWN OF CLEARFIELD, Plaintiff-Respondent-Petitioner,

v.

Walter CUSHMAN, Defendant-Appellant.

Supreme Court

*No. 87-0420. Argued March 1, 1989.—Decided June 7, 1989.*

(Also reported in 440 N.W.2d 777.)

11

For the plaintiff-respondent-petitioner there were briefs by *Dennis C. Schuh* and *Thompson and Schuh,* Mauston, and oral argument by *Dennis C. Schuh.*

For the defendant-appellant there was a brief by *Ray C. Feldman, Jr.* and *Vieth & Feldman,* Mauston, and oral argument by *Ray C. Feldman, Jr.*

Amicus curiae briefs were filed by *LeRoy A. Lokken,* Madison, for Wisconsin Manufacturing Housing Association; and by *Richard J. Stadelman,* Shawano, for Wisconsin Towns Association.

DAY, J.    This is a review of a decision by the court of appeals, *Town of Clearfield v. Cushman,* 143 Wis. 2d 553, 421 N.W.2d 865 (Ct. App. 1988), which reversed and remanded a judgment by the circuit court for Juneau county, Honorable Wallace A. Brady, judge. The circuit court granted summary judgment in favor of the Town of Clearfield (Town) against Walter Cushman (Cushman) for violating a town ordinance which regulates mobile homes located outside "mobile home parks." Among other things, the ordinance required a building permit, provided for minimum dwelling size, and imposed well and septic system requirements. The circuit court assessed a fine of $3,000 against Mr. Cushman for the violation. The court of appeals reversed, holding the ordinance was a "zoning ordinance" requiring county board approval which had not been obtained. It also held the Town had no statutory authority to regulate mobile homes outside of mobile home parks.

We reverse. We hold the ordinance is not a zoning ordinance and therefore does not require county board approval. We also hold that while the Town lacks statutory authority to proscribe a minimum size of mobile homes, such provision is severable and the Town does have authority to enact other provisions affecting Cushman such as requiring a building permit, well and connection to a sewage disposal system.

The principal issues presented are: (1) Is the Town's "Land Division and Building Ordinance" a zoning ordinance? We conclude it is not. (2) Does the Town have statutory authority to require a building permit, a well, and a septic system as conditions for permitting a mobile home to be installed on property outside the boundaries of a "mobile home park?" We hold it does. (3) Does the Town have statutory authority to set the minimum dwelling size for mobile homes installed on such prop-

13

erty? We conclude it does not. (4) Is the invalid portion of the ordinance prescribing minimum dwelling size severable from the remaining portion of the ordinance? We hold it is.

In 1979, the Town enacted the "Subdivision and Building Ordinance" (Ordinance). Section 9 regulated the installation of mobile homes outside of mobile home parks. The ordinance was amended in 1981. The Town adopted a revised version of the Ordinance entitled "Land Division and Building Ordinance" on March 11, 1984. Section 9 is substantially the same in each of the ordinances. The parties do not raise the issue as to which of the specific ordinances apply.[1]

In 1983, Mr. Cushman purchased property in the Town and allowed another person to place a mobile

---

[1] The circuit court relied on the amended ordinance of 1981. The court of appeals cited the 1979 version and noted: "This ordinance was amended and modified in 1981. It was superceded and replaced in 1984. The 1984 version is substantially the same as the prior version." *Id.* 143 Wis. 2d at 556, n. 4.

The 1979 version of the ordinance provides in part:

**Section 9.** A trailer or mobile home may be installed as a dwelling or commercial structure in the Town of Clearfield only if a building permit is previously obtained. Permitting the use of such trailer or mobile home shall be subject to the restrictions as set forth herein for other dwellings and business structures.

No trailer or mobile home shall be authorized or permitted unless it has a minimum of 720 square feet. It is to be located on lot or parcel of not less than 3 acres and must meet all other requirements for such structures as set forth in this ordinance. No permits shall be issued for a trailer or mobile home unless it is to be permanently affixed to the real estate so as to be an integral part thereof within 4 months from the date the permit is issued.

Trailers or mobile homes must be connected to sewage disposal system and have a well.

home on it.[2] The Town initiated this action in 1985 to have the mobile home removed from the property and a forfeiture assessed against Cushman. Three violations of the ordinance were alleged: (1) Cushman had failed to apply for or receive a building permit; (2) The mobile home failed to meet the minimum size requirements; (3) The mobile home had no septic system nor well. The parties stipulated the facts including the mobile home's violation of the ordinance. Cushman's sole contention to the circuit court was that the ordinance is a zoning ordinance which has been preempted by a zoning ordinance adopted by Juneau county.[3]

The circuit court issued a memorandum decision granting summary judgment in favor of the Town. The circuit court phrased the issue as: "Whether or not, in view of enactment of a Juneau County zoning ordinance, the town may enact an ordinance such as has been done by the plaintiff here to regulate mobile homes under its police power." It concluded that pursuant to sec. 66.058(2)(b), Stats.,[4] the Town did have such statutory

---

[2] According to the record, the mobile home was occupied on various dates in 1983 through 1985. Those dates are: November 21-25, 1983; April 10-11, 1984; July 3-5, 1984; November 21-23, 1984; June 10-12, 1985; July 1-5, 1985; and November 21-27, 1985.

[3] In 1977, Juneau county adopted a comprehensive zoning ordinance. The Town lies within Juneau county.

[4] Section 66.058(2)(b), Stats. 1983-84, provides:

**66.058 Mobile home parks . . .. (2)** License and revocation or suspension thereof . . .. (b)  In order to protect and promote the public health, morals and welfare and to equitably defray the cost of municipal and educational services required by persons and families using or occupying trailers, mobile homes, trailer camps or mobile home parks for living, dwelling or sleeping purposes, each city council, village board and town board may establish and enforce by ordinance reasonable standards and regulations for every trailer and

15

authority. A judgment was issued assessing a forfeiture against Cushman and he appealed.

The court of appeals reversed the circuit court and held that the Town had no authority pursuant to sec. 66.058(2)(b), Stats., to enact the ordinance. *Clearfield,* 143 Wis. 2d at 557–59. It also concluded that the ordinance was a zoning ordinance "because its purpose is to control land use and building development through regulation of existing conditions." *Id.* 143 Wis. 2d at 561. The ordinance was held invalid "because it was not approved by the Juneau County Board." *Id.* Although the court of appeals acknowledged portions of the ordinance may have been valid, it concluded the severability clause of the ordinance was ineffective. *Id.* at nn. 8–9.

In his dissent Judge Sundby opined the ordinance was not a zoning ordinance. *Id.* 143 Wis. 2d at 562 (Sundby, J., dissenting). He noted portions of the ordinance which he concluded Cushman had no standing to challenge were considered by the majority in reaching its decision that the ordinance was a zoning ordinance. *Id.* 143 Wis. 2d at 566. He also concluded the severability clause was effective. *Id.* Finally, he opined that the only issue before the court of appeals was whether the

---

trailer camp and every mobile home and mobile home park; require an annual license fee to operate the same and levy and collect special assessments to defray the cost of municipal and educational services furnished to such trailer and trailer camp, or mobile home and mobile home park. They may limit the number of units, trailers or mobile homes that may be parked or kept in any one camp or park, and limit the number of licenses for trailer camps or parks in any common school district, if the mobile housing development would cause the school costs to increase above the state average or if an exceedingly difficult or impossible situation exists with regard to providing adequate and proper sewage disposal in the particular area. The power conferred on cities, villages and towns by this section is in addition to all other grants and shall be deemed limited only by the express language of this section.

county's zoning ordinance preempted the Town's ordinance, and not whether the Town had independent authority to enact the ordinance. *Id.* 143 Wis. 2d at 452 n. 2, 567. This court accepted the Town's petition for review.

The Town asserts Cushman only has standing to challenge those provisions sought to be enforced against him. It further contends that it possesses statutory authority to regulate the matters enforced against Cushman. If it is without authority in one or more of the provisions, the Town maintains those provisions are severable from the valid portion of the ordinance.

Cushman argues he may challenge the entire ordinance and that the Town has regulated matters beyond its statutory authority. He also contends that the ordinance is a zoning ordinance which requires approval by the county board which was not obtained and, therefore, the ordinance is invalid. Cushman asserts the severability clause is ineffective and the whole ordinance must be declared void.[5]

The court of appeals examined various provisions of the ordinance, including those not enforced against Cushman, and held it was a zoning ordinance. We conclude that Cushman is without standing to challenge

[5] At oral argument, counsel for Cushman contended the regulation of matters by the Town's ordinance are already addressed in secs. 101.60, (ONE-AND 2-FAMILY DWELLING CODE) and 101.70, (MANUFACTURED BUILDING CODE) Stats., and by the Wis. Admin. Code, sec. ILHR chapters 20–25. The court of appeals noted this argument was raised for the first time on appeal and refused to address it. *Clearfield,* 143 Wis. 2d at 555, n. 2. We agree. We further note, however, that the *Wisconsin Administrative Code* sec. ILHR 20.05(8), states "[t]he provisions of this code do not apply to . . . mobile homes." Consequently we do not consider them.

those portions not enforced against him and, therefore, we will not consider the unenforced provisions here.

" 'Each case, in which the validity of such restrictions is challenged, must be determined on the facts that are directly applicable to the property of the parties complaining.' " *Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 648, 211 N.W.2d 471 (1973) (citation omitted); *See also Jacobs v. Major,* 132 Wis. 2d 82, 103, 390 N.W.2d 86 (Ct. App. 1986) ("A statute attacked as unconstitutional must affect the litigant in some way") *modified on other grounds* 139 Wis. 2d 492, 407 N.W.2d 832 (1987);[6] *Mast v. Olsen,* 89 Wis. 2d 12, 16, 278 N.W.2d 205 (1979) ("A party has standing to challenge a statute if that statute causes that party injury in fact and the party has a personal stake in the outcome of the action"); *Milwaukee, Etc. v. Milwaukee County Park Com'n.,* 477 F. Supp. 1210, 1215–16 (1979) (plaintiffs lack standing to challenge provisions of Milwaukee ordinance which were not applied against them). Here, only the provisions on the requirements of a building permit, minimum dwelling size, wells and septic systems are being enforced against Cushman; the remaining provisions are not. He has no interest in whether the unenforced provisions are valid. Consequently, he lacks standing to challenge them.

---

[6] Cushman correctly identifies these cases cited by the Town, *Kmiec* and *Jacobs,* as dealing with the constitutionality of legislative enactments. He further notes that challenges to local ordinances need not always be constitutional challenges nor adopt constitutional standards. *See Whitefish Bay v. Wisconsin E.R. Board,* 34 Wis. 2d 432, 447, 149 N.W.2d 662 (1967). He fails, however, to explain why that distinction is significant or that it requires another "standing" test to be applied here. We find no such requirement.

Whether the Town has authority to enact this ordinance is a question of statutory interpretation. Questions of statutory interpretation are questions of law which this court reviews *de novo. Minuteman, Inc. v. Alexander,* 147 Wis. 2d 842, 853,434 N.W.2d 773 (1989).

The basic question is: Does the Town have statutory authority to enact this particular ordinance? The court of appeals concluded the Town's ordinance "is a zoning ordinance because its purpose is to control land use and building development through regulation of existing conditions." *Clearfield,* 143 Wis. 2d at 561. "Zoning is governmental regulation of the uses of land and buildings according to districts or zones." 8 McQuillin *Municipal Corporations* sec. 25.01 at 6 (3rd ed. 1983). It "is exclusively concerned with use regulation . . ." *Id.* at 7. "Zoning definitely is use planning and regulation according to districts or zones . . . It seeks the most appropriate use of land, the preservation of the character of areas, the protection of existing property values and business, the stability of plans and conditions, the safeguarding of future developments and use" *State ex rel. Albert Realty Co. v. Village Board,* 7 Wis. 2d 93, 98, 95 N.W.2d 808 (1959) *quoting* 8 McQuillin, *Municipal Corporations* sec. 25.08 at 31, 33 (2d ed.).

Here, however, the Town does not regulate the use of property by the establishment of zones or districts. There is no regulation as to what the property may be used for. Rather the ordinance establishes the minimal requirements for land to be used as a site for a mobile home. Section 9 permits mobile homes to be installed both as dwellings and commercial structures. Consequently, we hold the Town's ordinance is not a zoning

ordinance. Thus, it is not void for failing to be approved by the Juneau County Board.

This is the only issue the parties presented to the circuit court for determination. On review, however, the Town has cited other statutory authority for enabling it to regulate the matters in question here. We conclude there is statutory authority for the Town's enactment of the provisions requiring a building permit, a well and connection to a sewage disposal system. We also conclude that the minimum dwelling size requirement, however, is without statutory authority and void, but severable from the rest of the ordinance.

"[A] town has only such powers as are specifically delegated to it by the legislature." *Adamczyk v. Caledonia,* 52 Wis. 2d 270, 273, 190 N.W.2d 137 (1971). It also has such powers which "are necessarily implied" from any power conferred on it by a statute. *Pugnier v. Ramharter,* 275 Wis. 70, 73, 81 N.W.2d 38 (1957). Regulations which could be enacted via a zoning ordinance may also be enacted by other statutory authority. *Town of Sun Prairie v. Storms,* 110 Wis. 2d 58, 70, 327 N.W.2d 642 (1983) (Minimum lot size requirements may be established by a zoning ordinance or pursuant to sec. 236.45, Stats.). An ordinance is presumed valid and the burden is on the challenger to prove otherwise. *State ex rel. Grand Bazaar v. Milwaukee,* 105 Wis. 2d 203, 208–09, 313 N.W.2d 805 (1982).

Section 9 of the Ordinance states: "A trailer or mobile home may be installed as a dwelling or commercial structure in the Town of Clearfield only if a building permit is previously obtained." It is agreed that the mobile home on Cushman's property is subject to this section. From its statutorily assigned responsibilities,

the Town has implicit power to require building permits. Building permits allow the Town to monitor the development on property within its limits. Under sec. 60.55, Stats. 1983-84,[7] the Town is responsible for providing fire protection. Building permits inform the Town as to what structures are located in the Town, and where they are located.

The Town is also responsible for the assessment of taxes on property within its borders. *See* chapter 70 Stats. 1983-84. Building permits provide vital information as to the value of structures and property. It must be necessarily implied that the Town is able to monitor the type of structures located in the Town to fulfill these statutory duties. The building permit enables the Town to do so.

Further, sec. 66.036, Stats. 1983-84, provides that no town shall issue a building permit unless there is adequate provisions for sewage disposal.[8] "[W]hen specific duties are intrusted to [towns] and made obligatory on their part, it must be assumed that it was the legislative intent to give them ample authority to carry out those duties." *Milwaukee v. Sewerage Comm.,* 268 Wis. 342, 354, 67 N.W.2d 624 (1954) *quoting Dekorra v. Wisconsin River Power Co.,* 188 Wis. 501, 506, 205 N.W. 423

---

[7] Section 60.55(1), Stats. 1983-84, provides:

**60.55 Fire protection (1)** General authority. (a) The town board shall provide for fire protection for the town . . ..

[8] Section 66.036(1), Stats. 1983-84, provides:

**66.036 Building on unsewered property. (1)** No county, city, town or village may issue a building permit for construction of any structure requiring connection to a private domestic sewage treatment and disposal system unless a system satisfying all applicable regulations already exists to serve the proposed structure or all permits necessary to install such a system have been obtained.

(1926). We conclude the building permit provision is valid.

██

Section 9 of the ordinance also requires that "Trailers or mobile homes must be connected to sewage disposal system and have a well." Local governmental units are responsible to enter property and remove a nuisance caused by improper sewage disposal, sec. 146.14(2), Stats. 1983–84.[9] Further, the Town may not issue a building permit unless a satisfactory sewage disposal system is installed. *See* sec. 66.036(1), Stats. 1983–84, at p. 21, n. 8. Section 144.265(4)[10] makes a town responsible to a landowner whose water supply is damaged. Because of the Town's responsibility to supply water for those whose water supply is damaged and to remove sewage which constitutes a nuisance, power to regulate these matters is necessarily implied from these statutory

---

[9] Section 146.14(2), Stats. 1983–84, provides:

**146.14 Nuisances . . ..** **(2)** If a nuisance, caused by improper sewerage disposal facilities, is found on private property the local health officer or the chairman of the local board of health shall notify the owner and the occupant of such property by registered mail with return receipt requested of the presence of such nuisance and order its abatement or removal within 30 days of receipt of notice. The officer shall also notify the local governing body of the nuisance. If the nuisance is not corrected by that date, the local governing body shall immediately enter upon the property and abate or remove the nuisance or may contract to have the work performed.

[10] Section 144.265(4)(b), Stats. 1983–84, provides:

**144.265 Damage to water supplies . . ..** **(4)** . . . **(b)** A person who submits information [that their water supply is damaged] may file a claim with the town, village or city where the private water supply is located. The town, village or city shall supply necessary amounts of water to replace that water formerly obtained from the damaged private water supply.

responsibilities. These provisions of the ordinance are accordingly a valid exercise of the Town's power. Because we find statutory authority independent of sec. 66.058(2)(b) for the Town's enactment of the Ordinance, we need not review the circuit court's or the court of appeals' determination as to its applicability.

At oral argument the Town conceded that it could find no express or implicit authority for its minimum size provision of 720 square feet for the dwelling. We also can find no authority. This, however, does not necessarily render the entire ordinance invalid.

"[T]he determination as to whether an invalid portion of a statute or ordinance fatally infects the remainder of such law is a question of legislative intent." *Madison v. Nickel,* 66 Wis. 2d 71, 78, 223 N.W.2d 865 (1974). "If a statute consists of separable parts and the offending portions can be eliminated and still leave a living, complete law capable of being carried into effect 'consistent with the intention of the legislature which enacted it in connection with the void part,' the valid portions must stand. This is the rule and it has been consistently followed." *Id.* 66 Wis. 2d at 79–80 *quoting State ex rel. Reynolds v. Sande,* 205 Wis. 495, 503, 238 N.W. 504 (1931).

> It is well established that the elimination of even material provisions in an act as enacted, because of the invalidity of such provisions, does not render the remaining valid provisions thereof ineffective, if the part upheld constitutes, independently of the invalid portion, a complete law in some reasonable aspect, unless it appears from the act itself that the legislature intended it to be effective only as an entirety and would not have enacted the valid part alone.

*Id.* 66 Wis. 2d at 79 *quoting State ex rel. Milwaukee County v. Boos,* 8 Wis. 2d 215, 224, 99 N.W.2d 139 (1959).

■

"[T]he existence of a severability clause, while not controlling, is entitled to great weight in determining whether valid portions of a statute or ordinance can stand separate from any invalid portion." *Id.* 66 Wis. 2d at 80. The Town's ordinance contains a severability clause which states:

> **Section 11.** Should any section, clause or provision of this ordinance be declared by the courts to be invalid, the same shall not affect the validity of the ordinance as a whole or any part thereof other than the part so declared to be invalid.

The invalid clause of section 9 relating to the minimum dwelling size of 720 feet can be removed without the rest of the section being rendered invalid. It cannot be said that the Town would not have passed the ordinance without this provision. We hold, therefore, that this clause is severable and the remainder of the ordinance is valid and enforceable.

In conclusion we hold the Town's "Land Division and Building Ordinance" is not a zoning ordinance. Consequently, the Juneau County Board need not have approved those parts of the ordinance here under consideration. We further hold that the provisions relating to requiring building permits, wells, and connection to waste disposal systems are valid and enforceable enactments by the Town. The minimum dwelling size, however, has no statutory basis and is void. That portion is, nevertheless, severable from the rest of the ordinance.

*By the Court.*—The decision of the court of appeals is reversed.