Gerald ARCHAMBAULT, Robert B. Weber and Robert J. Kotera, Plaintiffs-Appellants, †

v.

A-C PRODUCT LIABILITY TRUST, Acands Inc., Bethlehem Steel Corp., Champion International, Coltec Industries, Inc., Combustion Engineering, Inc., Crane Company, Durametallic, Federal-Mogul Corp., General Electric Company, General Signal Corp., Goodall Rubber Co., B.F. Goodrich, Goodyear Tire & Rubber Co., IMO Industries, Ingersoll-Rand Corporation, John Crane, Inc., Owens-Corning Fiberglas Corp., PPG Industries, Inc., Sherwin-Williams Co., USX Corporation, Westinghouse Electric Corp., Armstrong World Industries, Certainteed Corp., Dana Corp., GAF Corporation, Union Carbide Corporation, United States Gypsum Company and Dresser Industries, Inc., Defendants-Respondents,

FKI INDUSTRIES, INC., Flintkote Co., General Refractories and The Okonite Co., Defendants.

Court of Appeals

*No. 95–3266. Submitted on briefs September 17, 1996.—Decided October 8, 1996.*

(Also reported in 556 N.W.2d 392.)

†Petition to review dismissed.

*See Callaghan's Wisconsin Digest, same topic and section number.

On behalf of plaintiffs-appellants, the cause was submitted on the briefs of *Leonard C. Jaques* and *Judith A. Schornack-Smith* and *The Jaques Admiralty Law Firm, P.C.* of Detroit, MI, and *Michael W. Lien* and *Stauber & Lien* of Duluth, MN.

On behalf of defendants-respondents there was a brief by *Trevor J. Will* and *Foley & Lardner* of Milwaukee.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Appellants Gerald Archambault, Robert Kotera and Robert Weber appeal a trial court order dismissing their claims for defective service of an amended complaint upon the parties. Appellants assert that § 801.02(1), STATS., which requires service of a summons and complaint within sixty days of filing,

does not apply to service of amended complaints. We disagree and affirm.

This litigation began when appellants filed an original summons and complaint and served them on thirty-four separate defendants. The complaints alleged that appellants contracted "asbestotic diseases of permanent nature" while serving in the U.S. Merchant Marine and that defendants were jointly and severally liable for their injuries. Several defendants moved for dismissal, alleging that the complaint was defective and did not state a claim upon which relief could be granted. The trial court ruled the complaint inadequate under Wisconsin law but allowed appellants to file three separate amended complaints within ninety days of the order. The trial court also noted that appellants need not file or serve an amended summons. Appellants do not contest these rulings. The three amended complaints were filed with the court within the ninety-day deadline. However, appellants then waited eighty-four days to serve the amended complaints on the defendants. Some defendants moved for dismissal based upon the appellants' failure to serve the amended complaints within sixty days, citing § 801.02(1), STATS. The trial court granted the motion and dismissed the complaints without prejudice.[1]

Appellants claim that the trial court erred when it dismissed the amended complaints for failure to serve within sixty days of filing in accordance with § 801.02(1), STATS.[2] They claim that section does not

---

[1] Appellants chose to appeal the dismissal instead of refiling their complaints.

[2] Section 801.02(1), STATS., provides:

A civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the

apply to the service of amended complaints. This presents a question of statutory interpretation that this court reviews de novo. *Town of Clearfield v. Cushman*, 150 Wis. 2d 10, 19, 440 N.W.2d 777, 780 (1989).

This issue presents a question of first impression for this court. No other section provides the proper period in which to serve an amended complaint. In fact, chs. 801 and 802, STATS., are completely silent as to amended complaints. Section 802.01(1), STATS., which describes which pleadings are allowed in civil cases, mentions complaints, but not amended complaints, suggesting the legislature considered those terms synonymous for purposes of service.[3] We conclude that § 801.02(1) does apply to the service of amended complaints.

■■■■

The primary function of service is to give notice to a party that an action has been commenced against him or her. *Schlumpf v. Yellick*, 94 Wis. 2d 504, 509, 288 N.W.2d 834, 837 (1980). Notice of not only the fact of an action but of its substance is a central concern of our judicial system. At least part of the purpose of the sixty-day service requirement is to provide for timely notice to defendants of the substance of the claims

person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 60 days after filing.

[3] Section 802.01(1), STATS., provides:

**(1)** Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under s. 803.05, and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a further pleading to a reply or to any answer.

against them. While our supreme court has recognized that some service errors are merely "technical" in nature and therefore do not warrant dismissal for failure to comply, failure to comply with the sixty-day service requirement is not such an error. *American Family Mutual Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 532-34, 481 N.W.2d 629, 632-33 (1992). To the contrary, that court concluded that

> a fundamental defect or error occurs where the complainant fails, if challenged, to meet the burden specified under sec. 801.02(1), Stats., i.e., . . . where the service of the authenticated copy of the Summons and Complaint is not made within 60 days after filing. Substantial compliance is not a factor. Complainant must show compliance with the burden of sec. 801.02(1), Stats.

*Id.* at 533-34, 481 N.W.2d at 632-33.[4] The sixty-day period cannot be enlarged for any reason. *See* § 801.15(2)(a), STATS. We find it unlikely that the legislature intended to require strict compliance with the sixty-day requirement for original complaints but chose to set no time limit for amended complaints.

Appellants argue that the purpose of the sixty-day limitation is to allow the circuit court to gain personal jurisdiction over the defendants in a timely manner and that in this case personal jurisdiction was obtained when the defendants were served with the original summons and complaint. Thus, they argue, compliance

[4] *American Family Mutual Ins. Co. v. Royal Ins. Co.*, 167 Wis. 2d 524, 481 N.W.2d 629 (1992), involved service errors that affected the court's jurisdiction. The court's jurisdiction is not at issue in this case; however, we conclude that the supreme court's conclusion that the 60-day service requirement is mandatory persuasive in resolving the issues raised.

with the sixty-day limitation regarding the amended complaint was not necessary.[5] This argument assumes there is only one purpose for the sixty-day service requirement. As noted, we conclude that the sixty-day limitation also serves the important purpose of providing the defendants timely notice of the substance of the claims against them. Furthermore, appellants' argument would allow a plaintiff whose original complaint was dismissed to delay service of an amended complaint indefinitely, substantially burdening both the court and the defendants.

■

Appellants next argue that the dismissal should be reversed because defendants were not prejudiced by the late service; they already knew the substance of the claims against them. The argument must fail. Section 801.02, STATS., requires adherence to the sixty-day requirement. It makes no allowance where failure to comply does not result in prejudice. Further, in this case, the original complaint was dismissed for failure to state a claim because it did not provide "proper notice to the defendants as to the nature and bases of [appellants'] claims, the dates and circumstances under which those claims arose, the nature and extent of [appellants'] alleged injuries, or how each of the defendants is supposedly connected to each [appellants'] claim." When a complaint is dismissed under these circumstances, it cannot be said that

---

[5] Appellants cite *Schlumpf v. Yellick*, 94 Wis. 2d 504, 288 N.W.2d 834 (1980), for the proposition that the amended complaint "relates back" to the original complaint. The "relation back" concept relates to the date the action was commenced for statute of limitations purposes. The principle does not act to negate the statutory requirements for service once a summons and complaint have been filed.

defendants knew the substance of the claims against them. For this reason, the federal cases cited by appellants are not persuasive.

*By the Court.*—Order affirmed.