Antwaun VANCE, a minor, by his g/a/l Jacqueline Boynton, Plaintiff-Respondent,

v.

James J. SUKUP, First Financial Bank, Royal Insurance, d/b/a Globe Indemnity Company, and Wisconsin Health Organization, Defendants-Respondents,

AMERICAN FAMILY INSURANCE GROUP, Defendant-Appellant. †

Court of Appeals

*No. 95–2851. Oral argument December 4, 1996.—Decided December 23, 1996.*

(Also reported in 558 N.W.2d 683.)

† Petition to review granted.

578

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Barrett J. Corneille, David J. Pliner,* and *Jeanne M. Armstrong* of *Bell, Metzner, Gierhart & Moore, S.C.,* of Madison. There was oral argument by *Barrett J. Corneille.*

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Peter Guyon Earle* of *Boynton & Earle,* of Milwaukee. There was oral argument by *Peter Guyon Earle.*

On behalf of the defendant-respondent James J. Sukup, the cause was submitted on the briefs of *James E. Culhane* and *James M. Jorissen* of *Davis & Kuelthau, S.C.,* of Milwaukee. There was oral argument by *James E. Culhane.*

On behalf of the defendant-respondent First Financial Bank, the cause was submitted on the briefs of *Charles H. Bohl, James G. Allison,* and *Laurie J. McLeRoy* of *Whyte Hirschboeck Dudek S.C.,* of Milwaukee.

Amicus Curiae brief was filed by *Robert F. Johnson* and *Heidi L. Vogt* of *Cook & Franke, S.C.,* of Milwaukee, for Wisconsin Insurance Alliance and Civil Trial Counsel of Wisconsin.

Amicus Curiae brief was filed by *Paul J. Munson* of *McDonald & Munson,* of LaCrosse, Wisconsin, for Wisconsin Apartment Association.

Amicus Curiae brief was filed by *Heiner Giese* of Milwaukee for Apartment Association of Southeastern Wisconsin, Inc.

Before Wedemeyer, P.J., Fine and Curley, JJ.

FINE, J. This action against, among others, James J. Sukup and his insurer, American Family Insurance Group, alleges that Antwaun Vance, a minor, was injured by lead-based paint in premises where he lived and which his family rented from Sukup. American Family denied coverage, and sought summary judgment dismissing it from this action. The trial court denied American Family's motion.[1] We affirm.[2]

---

[1] We granted American Family's petition for leave to appeal from the non-final order denying American Family's motion for summary judgment. *See* § 808.03(2), Stats. Antwaun Vance, the plaintiff, did not oppose American Family's petition.

[2] *Amicus Curiae* briefs have been filed by the Apartment Association of Southeastern Wisconsin, Inc., the Wisconsin Apartment Association, and, in a joint brief, the Wisconsin Insurance Alliance and the Civil Trial Counsel of Wisconsin.

## I.

Vance's complaint alleges that from November of 1991, Vance and his family lived in premises owned by Sukup. It also alleged:

> That prior to April 27, 1993, [Vance] sustained lead poisoning by ingesting lead derived from intact accessible painted surfaces, paint chips, paint flakes and dust that was contaminated with lead derived from lead based paint at the premises [rented from Sukup].

American Family concedes that it "had a Business Key policy of insurance in force on Sukup during" the relevant time. The commercial-general-liability portion of the insurance policy obligated American Family to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies," and to "defend any 'suit' seeking those damages." This obligation was modified by the following exclusion:

> This insurance does not apply to:
>
> . . . .
>
> f. (1) "Bodily injury" . . . arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:
>
> (a) At or from any premises, site or location which is or was at any time owned . . . by . . . any insured[.]
>
> . . . .

> Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

The trial court ruled that "the lead was properly in the paint and that the paint was properly applied," and, therefore, "the lead cannot be viewed as a contaminant."

## II.

 Our review of a trial court's grant or denial of a motion for summary judgment is *de novo*. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Moreover, the interpretation of an insurance contract is also a question of law that we review *de novo*. *United States Fire Ins. Co. v. Ace Baking Co.*, 164 Wis. 2d 499, 502, 476 N.W.2d 280, 282 (Ct. App. 1991). "Insurance policies, like other contracts, are construed to ascertain and effectuate the parties' intent. Thus, a clear contractual provision must be construed as it stands. Ambiguities, however, are construed against the party who drafted the contract." *Id.*, 164 Wis. 2d at 502–503, 476 N.W.2d at 282. (Internal citations omitted.)

 The only issue on this appeal is whether the American Family policy issued to Sukup obligates American Family to defend Sukup against Vance's lawsuit. "An insurance company's duty to defend an insured sued by a third party is determined solely by the allegations in that third party's complaint. Any doubt as to whether or not the insurance company has

a duty to defend is 'resolved in favor of the insured.' " *Production Stamping v. Maryland Casualty Co.*, 199 Wis. 2d 322, 326–327, 544 N.W.2d 584, 586 (Ct. App. 1996). (Internal citations omitted.) Significantly, the insurance company must defend the entire action against its insured if any of the complaint's allegations "fall within the policy coverage" even though some "allegations may fall outside the scope" of that coverage. *Grube v. Daun*, 173 Wis. 2d 30, 73, 496 N.W.2d 106, 122 (Ct. App. 1992). Our decision here is guided by our earlier decision in *Ace Baking*.

*Ace Baking* concerned a dispute between Ace Baking Company and its insurer over the contamination of ice-cream cones manufactured by Ace Baking that were stored in the same warehouse as was a fabric softener. *Ace Baking*, 164 Wis. 2d at 500–501, 476 N.W.2d at 281. Linalool, an otherwise harmless ingredient in the fabric softener, had migrated from the softener to the ice-cream cones and its packaging material, making the cones smell and taste of soap. *Id.*, 164 Wis. 2d at 501, 476 N.W.2d at 281. The insurance company rejected Ace Baking's claim, "contending that there was no coverage because of a policy provision that excluded losses 'caused by or resulting from . . . [r]elease, discharge or dispersal of 'pollutants.' ' " *Ibid.* We agreed, pointing out that "although linalool is a valued ingredient for some uses, it fouled Ace Baking's products," and was, therefore, a " 'pollutant' in relation to those products." *Id.*, 164 Wis. 2d at 505, 476 N.W.2d at 283.

We agree with the trial court's conclusion in this case that lead is not a "contaminant" in paint to which it was added deliberately by the manufacturer, any more than the fragrance linalool in *Ace Baking* was a contaminant in the fabric softener. *See id.*, 164 Wis. 2d

at 501, 505, 476 N.W.2d at 281, 283. As we noted in *Ace Baking*, a substance's status as either a valued ingredient or a contaminant depends on where it is: "[I]t is a rare substance indeed that is *always* a pollutant; the most noxious of materials have their appropriate and non-polluting uses." *Id.*, 164 Wis. 2d at 505, 476 N.W.2d at 283 (emphasis in original). Thus, *Donaldson v. Urban Land Interests, Inc.*, 205 Wis. 2d 404, 556 N.W.2d 100 (Ct. App. 1996), recognized that "in concentrated levels" otherwise "harmless" carbon dioxide "can become injurious, even lethal," and " 'foreign' to a safe human environment." *Id.*, 205 Wis. 2d at 412, 556 N.W.2d at 103. Once the lead escaped from the painted surfaces, however, either by leaving the paint or because the paint itself chipped off, the lead became a "contaminant"—a substance that did not belong in its new environment, just as *Ace Baking*'s linalool became a contaminant once it left the fabric softener. *See Ace Baking*, 164 Wis. 2d at 505, 476 N.W.2d at 283; *see also United States Liability Ins. Co. v. Bourbeau*, 49 F.3d 786, 788–789 (1st Cir. 1995) (paint chips released into soil).[3] Thus, the exclusion in the American Family policy issued to Sukup may apply to damages caused by that lead if there is also a "discharge, dispersal, seepage, migration, release or escape" of the lead.

██

Although Vance's complaint alleges that he was damaged by lead that left the surfaces to which the paint was applied ("paint chips, paint flakes and dust that was contaminated with lead derived from lead based paint"), which would encompass the second element of the exclusion, he also alleges that he was

---

[3] Vance does not contend that unleaded paint is a pollutant, and we do not decide that issue.

damaged by lead from "intact accessible painted surfaces." The second element of the insurance policy's pollution-exclusion provision is not present with respect to this latter allegation: the lead from the "intact accessible painted surfaces" did not, in the words of the exclusion, "discharge, dispers[e], seep[ ], migrat[e], release or escape." As one federal district court has noted:

> "Discharge, dispersal, seepage, migration, release, and escape" is a list of the ways by which the pollutant must travel from a contained place to the injured person's surroundings and then cause injury. In contrast, injuries caused by irritants that normally are stationary, but that can be shifted or moved manually, are not excluded from coverage because they do not cause injury by one of the prescribed methods. For example, if a child were injured because he drank from a bottle of drain cleaner or some other household product, even if that product properly could be classified as a "pollutant," the injury would not be covered by the pollution exclusion because the pollutant was not disseminated by one of the prescribed methods.

*Lefrak Organization, Inc. v. Chubb Custom Ins. Co.*, 942 F. Supp. 949, 953-954 (S.D.N.Y. 1996).[4]

---

[4] We thus need not decide whether Vance's ingestion of the paint from the "intact accessible painted surfaces" transformed the lead from a natural constituent of the paint into a contaminant once it "invaded Vance's body," as American Family argues. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground"). We also do not decide whether movement, transfer, or passage of a substance from one place to another in the ordinary

Accordingly, American Family must defend Sukup in this action. *See Grube,* 173 Wis. 2d at 73, 496 N.W.2d at 122 (insurance company must defend entire action against insured if any of complaint's allegations "fall within the policy coverage" even though some "allegations may fall outside the scope" of coverage).[5]

*By the Court.*—Order affirmed.

and expected course of its life is a "discharge, dispersal, seepage, migration, release or escape" as those words are used in the American Family policy.

[5] Vance argues that the pollution exclusion clause in the American Family policy covers only "environmental" pollution. This court has held to the DScontrary in *Donaldson v. Urban-Land Interests, Inc.,* 205 Wis. 2d 404, 413-414, 556 N.W.2d 100, 103-104 (Ct. App. 1996). We are bound by *Donaldson. See In re Court of Appeals of Wisconsin,* 82 Wis. 2d 369, 371, 263 N.W.2d 149, 149-150 (1978) *(per curiam)* (a published decision by one district of the court of appeals is binding on the court of appeals). *But see Beahm v. Pautsch,* 180 Wis. 2d 574, 580–585, 510 N.W.2d 702, 705–707 (Ct. App. 1993), where, contrary to the exclusion clause at issue in this case, the exclusion clause applied to the "discharge, dispersal, release, or escape" of various substances *"into or upon the land, the atmosphere or a water course, body of water, bog, marsh, swamp or wetland." Id.,* 180 Wis. 2d at 580, 510 N.W.2d at 705 (emphasis added).