David J. Gehl and DGS Evergreen, Flp, Petitioners,
v.
Peter Conrad, Respondent,
Town of Perry, Intervenor.
DGS Evergreen, Flp, Plaintiff-Appellant,
v.
Dane County, Kathleen Falk, Peter Conrad and Dane County Board of Supervisors, Defendants-Respondents,
Town of Perry, Intervenor.
David J. Gehl and DSG Evergreen, Flp, Plaintiffs-Appellants,
v.
Dane County Board of Adjustments, Defendant-Respondent,
Town of Perry, Intervenor.
No. 2005AP2589.
Court of Appeals of Wisconsin, District IV.
August 10, 2006.
Before Lundsten, P.J., Deininger and Higginbotham, JJ.
¶1 PER CURIAM.
David Gehl and his family limited partnership, DGS Evergreen, (collectively, Gehl) appeal an order dismissing their consolidated actions for declaratory judgment and certiorari relief.[1] Both actions arise from Gehl's attempts to build a residence on a tract of agricultural land in the Town of Perry. We affirm for the reasons discussed below.

BACKGROUND
¶2 In 2001, Gehl filed an application for approval to construct a new residence on family farm land in an exclusive agricultural district. He claimed the residence would be a permitted use under the county zoning ordinance, which allows a farm operator or owner to have a residence in an exclusive agricultural district so long as "substantial income" is derived from the farm operation. Dane Co., Wis., Code of Ordinances (DCO) § 10.123(2)(b) (2002).
¶3 The Dane County Zoning Administrator denied Gehl's application on the grounds that the proposed construction violated DCO § 10.123(9)(f) (2000), which requires that "[a]ny permitted or conditional use in the A-1 Exclusive Agricultural District must be consistent with agricultural use as defined in [WIS. STAT. § 91.01(10)]." WISCONSIN STAT. § 91.01(10) (2003-04),[2] in turn, provides:
"Use consistent with agricultural use" means any activity that meets all of the following conditions:
(a) The activity will not convert land that has been devoted primarily to agricultural use.
(b) The activitywill not limit the surrounding land's potential for agricultural use.
(c) The activity will not conflict with agricultural operations on the land subject to a farmland preservation agreement.
(d) The activitywill not conflict with agricultural operations on other properties.
The zoning administrator concluded that Gehl's proposed construction was not consistent with agricultural use as defined in WIS. STAT. § 91.01(10)(b) and (d) because it would conflict with neighboring agricultural operations and it would also violate numerous policies of the Dane County Farmland Preservation Plan for the Town of Perry. The zoning administrator characterized his analysis of whether the proposed use was consistent with agricultural use as a part of the "farm income plan" review because a section of the Farmland Preservation Act, see WIS. STAT. ch. 91, that specifies minimum requirements for exclusive agricultural use zoning ordinances states that "the only residences ... that are allowed as permitted or conditional are those that have a use consistent with agricultural use...."
¶4 In addition, the zoning administrator drafted a memorandum setting forth a set of "provisions [to] be utilized when reviewing and acting upon a farm plan that has been submitted for review."[3] The memorandum stated:
 Substantial income must be derived from the farm operation. (s.10.123(2)(b)). Substantial income for farm owners/operatorsis at least $865.00 in gross monthly [income] averaged over a three (3) year period. Therefore annual gross farm income of $10,400.00 is required or $31,200.00 over a three year period.
 All farm plans submitted to thisoffice shall be forwarded onto (sic) the respective town for their review to determine consistency with the town's land use plan. This town review is an advisory report for the Zoning Administrator's consideration in the review process.
...
 Situations where individuals involved in agricultural uses or production which require a longer lead time than 3 years before income is typically produced will be reviewed administratively on a case by case basis. In cases of this nature individuals shall be required to submit information substantiating the basis for their request.
 In some towns a density study may be required to determine if additional splits are available.
Gehl filed a declaratory judgment action challenging the zoning administrator's method for calculating what constitutes substantial income from a farm operation under DCO § 10.123(2)(b), or in the alternative, to have the entire substantial income requirement set aside as unconstitutionally vague.
¶5 Gehl did not appeal the denial of his 2001 zoning application.[4] Instead, after dividing the farm into smaller parcels, Gehl submitted a new application to build his house five feet from the previously proposed site. A different zoning administrator concluded the new application was "substantively the same" as the application Gehl had previously submitted. The administrator denied the new application based on "all of the reasons" previously given, which were incorporated into the decision. In addition, the zoning administrator noted that he could not determine the actual income derived from the new farm parcel due to some discrepancy in the acreage Gehl reported owning.
¶6 Gehl appealed the second zoning administrator's decision to the Dane County Board of Adjustment. The board affirmed, both on the merits and on the grounds that Gehl should have appealed the original decision if he wanted a ruling on the zoning administrator's interpretation of the ordinance. Gehl sought certiorari review of the board's decision. The circuit court consolidated the certiorari action with the ongoing declaratory judgment action. The circuit court eventually upheld the zoning administrator's method for calculating substantial income and affirmed the board's decision affirming the denial of a zoning permit.

STANDARD OF REVIEW
¶7 Our statutory certiorari review is limited to considering: (1) whether the board kept within its jurisdiction; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable, representing its will rather than its judgment; and (4) whether the board could reasonably make the determination in question based upon the evidence before it. State v. Waushara County Bd. of Adjustment, 2004 WI 56, ¶12, 271 Wis. 2d 547, 679 N.W.2d 514. We presume the board's decision to be correct and valid, and we will neither set aside its factual findings if they are supported by any reasonable view of the evidence, nor will we substitute our discretion for that of the board. Id., ¶13.
¶8 The decision whether to grant a declaratory judgment generally lies within the circuit court's discretion. Bellile v. American Family Mut. Ins. Co., 2004 WI App 72, ¶6, 272 Wis. 2d 324, 679 N.W.2d 827. However, when the exercise of that discretion involves a question of law, we review the question de novo, benefiting from the trial court's analysis. See id.

DISCUSSION
¶9 Gehl lists ten separate items in his Statement of Issues, but he consolidates them into five sections of argument. His first four arguments relate to the declaratory judgment action. Specifically, he claims that: (1) because the Dane County ordinance does not define the terms "substantial income" or "farm operation," it is ambiguous and should be construed in favor of the free use of land; (2) "[b]y designating a farm residence as a permitted, rather than as a conditional use, the County Board has determined that all farm residences shall be deemed 'consistent with agricultural use'"; (3) the term "substantial" is too vague to be constitutionally enforced because it provides no definite standard or uniform rule of action to govern the conduct of administrative officials; and (4) the zoning administrator lacked the authority to incorporate considerations such as town land use plans or density studies into the substantial farm income criteria for a permitted use under DCO § 10.123(2)(b), because, by doing so, the administrator added a substantive requirement not found in the ordinance governing the permit process. With regard to the certiorari action, Gehl similarly contends that the zoning administrator and board exceeded their authority by denying his permit based upon nonconformity with the town land use plan or density policy.
¶10 We address the last contention first. We agree with Gehl that the evaluation of whether a proposed residence would comply with the town land use plan and density policy cannot logically be categorized as part of the "substantial income" review for a permitted use under DCO § 10.123(2)(b), as the zoning administrator appears to have stated. It does not follow, however, that the zoning administrator was precluded from considering these factors in making the determination whether to issue a permit. To the contrary, DCO § 10.123(9)(f) requires the zoning administrator to consider whether any permitted or conditional use is consistent with agricultural use. The zoning administrator could reasonably consider compliance with the town land use plan as one indicator of whether a proposed use would be consistent with agricultural use. We see no reason why the zoning administrator could not undertake both the substantial income review and the conformity-with-agricultural-use analysis at the same stage in its review of an application for a zoning permit. The fact that the zoning administrator may have incorrectly labeled the considerations under DCO § 10.123(9)(f) as part of the analysis under sub (2)(b) does not change the substance of his reasoning.
¶11 In sum, we conclude that, notwithstanding the zoning administrator's reference to "farm income plan" review, it is clear from the entirety of his discussion that Gehl's application was rejected under DCO § 10.123(9)(f), not (2)(b). Gehl does not dispute that his proposed use would not comply with the town land use plan. We therefore conclude he cannot successfully challenge the ultimate denial of his permit based on the provisions of DCO § 10.123(9)(f), and we affirm the circuit court's decision to deny relief in the certiorari action.
¶12 To the extent that Gehl's declaratory judgment action raises a similar challenge to the zoning administrator's authority to consider compliance with the town land use plan, the same analysis applies. That is, consideration of the town land use plan in this case was permissible under DCO § 10.123(9)(f), rather than (2)(b). We also reject Gehl's contention that all permitted uses under (2)(b) are automatically "consistent with agricultural use" under (9)(f). The plain language of (9)(f) imposes the requirement on both permitted and conditional uses.
¶13 Finally, to the extent that Gehl's declaratory judgment action attempts to challenge the "substantial income" provision in DCO § 10.123(2)(b) as ambiguous or too vague to be enforced, we conclude that he lacks standing to raise these issues. As Gehl himself concedes in his brief, "[t]he facts relevant to this case make clear that these denials [of his permit application] were not based upon the inadequacy of the Appellant's farm income." See, e.g., Town of Clearfield v. Cushman, 150 Wis. 2d 10, 17-18, 440 N.W.2d 777 (1989) (litigant lacked standing to challenge those portions of a town ordinance which were not enforced against him).
By the Court.  Order affirmed.
NOTES
[1] The order also dismissed a consolidated mandamus action which the parties agree is moot and is not at issue in this appeal.
[2] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[3] The memorandum is undated. Gehl alleges in his declaratory judgment complaint that the policy was implemented in October of 2002.
[4] The history of administrative and legal action regarding Gehl's 2001 application is more extensive than we have described, but the ultimate result was a denial by the administrator for the reasons outlined.